■ In the Matter of ANTHONY CONIGLIO, Appellant, v JOAN CONIGLIO, Respondent. [744 NYS2d 435] —In a support proceed-

ing pursuant to Family Court Act article 4, referred to the Family Court by an order of the Supreme Court, Suffolk County (Lifson, J.), dated October 6, 2000, made in an action for a divorce and ancillary relief, the husband appeals from an order of the Family Court, Suffolk County (Dounias, J.), entered October 23, 2001, which denied his objections to an order of the same court (Livrieri, H.E.), entered June 15, 2001, which directed him to pay his estranged wife spousal support in the amount of $100 per week.

Ordered that the order is affirmed, with costs.

The parties were married on March 10, 1968. In April 1998, the petitioner husband filed for divorce on the ground of abandonment. After a trial, the Supreme Court dismissed the divorce action, finding that he failed to establish a prima facie case for a divorce on the ground of abandonment. It then referred the respondent wife's request for ancillary relief, including maintenance or spousal support, to the Family Court.

On May 2, 2001, a hearing was held before the Hearing Examiner regarding the spousal support issue. At the hearing, the wife testified that while she was trained as a nail technician, she suffered from medical problems which prevented her from working and she relied upon her three children for support.

In contrast, the husband's monthly income totaled $2,314, and his monthly expenses included $800 in rent and $510 for a leased car. In addition, for over two years before his sister's death, the husband collected, in cash, rent totaling $1,670 per month from tenants living on her property, deposited these funds into his bank account, and paid for his sister's nursing home care by check, using his personal funds to make up any shortfall. After she died intestate, the property was sold and the proceeds went to his older sister. However, he did not ask for any portion of the inheritance, nor did he remember whether or not he signed an inheritance waiver. The Hearing Examiner ordered the husband to pay $100 per week in spousal support. The Family Court denied the husband's objections to the Hearing Examiner's order.

Contrary to the husband's contention, the Family Court had jurisdiction to hear and determine the spousal support issue referred to it by the Supreme Court (see Family Ct Act § 115 [b]).

Furthermore, contrary to the husband's contention, the Hearing Examiner properly directed him to pay the wife $100 per week in maintenance from the date of her amended answer originally requesting such relief. The credible evidence sup-

ported the Hearing Examiner's determination that the wife was unable to pursue employment due to a fractured wrist and that the husband did not testify credibly regarding his assets. The determination of the Hearing Examiner, who saw and heard the witnesses, is entitled to great deference, and the husband failed to show any basis to set it aside (*see Matter of Jackson v Shuler,* 292 AD2d 529; *Matter of Sand v Sand,* 290 AD2d 451).

The husband's remaining contentions are without merit. Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.