OPINION OF THE COURT
Michael L. Hanuszczak, J.
The petitioner, the Commissioner of Social Services, objects to the fact-finding and order of disposition of the support magistrate (formerly known as the hearing examiner), filed and entered on February 18, 2003. An affidavit of service has been filed with the court, indicating proper service of the objection on the respondent’s attorney on March 25, 2003. A rebuttal to *1006 the objection to the order of the hearing examiner was received on April 7, 2003 from the respondent’s attorney. No affidavit of service has been filed with the court indicating service of the rebuttal on the petitioner’s attorney in contravention of the Uniform Rules for the New York State Trial Courts (22 NYCRR) § 205.37 (d). A transcript of the proceedings was received on July 10, 2003. The court notes that the matter was heard along with three other enforcement petitions against the respondent on the day of the hearing, and the parties stipulated that the respondent’s prior testimony in the other enforcement actions could be considered by the court.
Petitioner filed a petition on August 21, 2002 for enforcement of the order of support, which was dated May 11, 1987 and which directed the respondent to pay support in the amount of $20 per week, seeking a money judgment for arrears due the Onondaga County Department of Social Services. Petitioner alleged the respondent had not paid child support since 1996 and that, as of July 24, 2002, the respondent owed $9,558.92 to the Onondaga County Department of Social Services and $4,920 to assignor B.J.M.
The initial appearance on the petition was held on November 4, 2002, petitioner having appeared and respondent having appeared via the telephone. The petitioner stated that the commissioner was not seeking a determination of wilful violation of the order of support. The respondent entered a denial and was assigned counsel, and the matter was scheduled for a hearing.
On January 9, 2003, the petitioner personally appeared, the respondent’s attorney Fortuna S. Habib, Esq., appeared, and the respondent testified telephonically. A certified copy of a document package containing the account statement, payment history, and disbursement history was received into evidence on behalf of the petitioner, and the record was held open pending the submission by the respondent of a certified copy of the respondent’s Social Security wages.
The support magistrate made the following findings: (1) the respondent violated the order of support in that no payments were made since 1996; (2) the respondent earned between $14,000 and $16,200 from 1984 through 1986 and had income below the poverty level established by federal guidelines for every year since 1988; (3) the respondent offered no credible explanation for a change in his ability to earn or his lack of work; (4) the respondent has not undertaken a serious job search in recent years; (5) there is no proof that respondent *1007 had any property or income during the subject period or that the respondent voluntarily terminated his employment; and (6) insufficient evidence was presented to determine the arrears owed to the Department of Social Services. The support magistrate noted that the petitioner had failed to show that the respondent could have obtained employment at or above the poverty level. Based on these findings, the support magistrate adjudged that the respondent failed to obey the support order, ordered the support arrears capped at $500, and entered judgment for the Onondaga County Department of Social Services in the amount of $500. The support magistrate also filed and entered an order (entry money judgment) in the amount of $500 on behalf of the Onondaga County Department of Social Services.
The petitioner’s objection states that the respondent’s Social Security earnings should not be the standard for a conclusion that the respondent was below poverty level when the respondent testified that he worked at several jobs where his income was not reported to Social Security. The petitioner also noted that the respondent never testified that he had a disability that precluded him from employment and never sought the assistance of the court in a downward modification of his child support obligation. The respondent’s attorney argued that the petitioner failed to meet its burden of proof in the amount of the arrears owed because the arrears study was incomplete since it did not itemize any payments made by the respondent prior to 1996. Respondent’s attorney also argued that it was not an abuse of discretion for the support magistrate to find that the respondent had no intent to avoid his child support obligations.
The support magistrate relied on Family Court Act § 413 (1) (g) which states that unpaid child support arrears shall not accrue in excess of $500 when the respondent’s income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal government’s Department of Health and Human Services.
In its analysis, this court looks to the canons of statutory construction in its interpretation of this section of the child support statute and its applicability to the instant proceeding.
It is a fundamental rule of statutory construction that a statute is to be construed as a whole. “Statutory language, however strong, must yield to what appears to be intention and that is to be found not in the words of a particular section alone but by comparing it with other parts or provisions of the general *1008 scheme of which it is part.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 97.)
Article 4 of the Family Court Act requires that parents pay a fair and reasonable sum for the support of their children if possessed of sufficient means or able to earn such means. (Family Ct Act § 413 [1] [a].) Section 413 of the Family Court Act provides the details on how to arrive at a fair and reasonable sum for child support. Section 413 (1) (g) of the Family Court Act, for the most part, concerns itself with situations in which a court finds that the support obligation is unjust or inappropriate. The provision regarding no accrual of child support arrears above the amount of $500 when income is at or below the poverty level is the last sentence in that subdivision. When read as a whole, the intent of the statute is that children will be supported by their parents and that child support obligations must be fair and reasonable.
A literal application of the support arrears cap provision contained in section 413 (1) (g) of the Family Court Act would result in a cap on child support arrears at $500 whenever a respondent’s income fell below the poverty level — for whatever reason. The irrationality of this approach is that it lumps together those parents who have a just reason for their low earnings with those who do not. Such indiscriminate application of the support cap offends a sense of fundamental fairness and is contrary to the overall intent of the statute and legislative intent, i.e., “to ensure that respondents are not financially rewarded for failing either to pay the order or to seek its modification.” (Matter of Dox v Tynon, 90 NY2d 166, 173 [1997], quoting Governor’s Mem Approving L 1986, ch 892, 1986 NY Legis Ann, at 361.)
In its interpretation of section 413 (1) (g) of the Family Court Act, this court finds that the support arrears cap provision must be applied with regard to the facts and circumstances of the individual case. The court notes that the Fourth Department held that Family Court Act § 413 (1) (g) was inapplicable in a case where the respondent was incarcerated since the incarcerated parent would benefit from the conduct that led to the incarceration and the subsequent failure to support the children. (Matter of Onondaga County Dept. of Social Servs. [Gloria T.] v Timothy S., 294 AD2d 27 [2002].)
Gloria T. (id.) is analogous to the instant proceeding in that in both the respondents failed to pay child support because of their own actions. Like the incarcerated respondent in Gloria T., the record overwhelmingly shows that the respondent in *1009 the instant proceeding has failed to pay child support due to his own actions, i.e., failure to conduct a meaningful search for employment or to participate in training or educational opportunities to make himself more employable. The respondent admitted that he has worked at several jobs where his income was not reported to the government and, when asked, failed to allege that he is precluded from employment through disability. This distinguishes the instant case from that of Matter of Blake (Ashley) v Syck (230 AD2d 596 [1997]), cited in the support magistrate’s order, in which the respondent was disabled and receiving disability benefits.
It is well settled that the determinations of support magistrates are accorded great deference; in part, because the trier of fact saw and heard the witness. (Matter of Coniglio v Coniglio, 295 AD2d 509 [2002].) Accordingly and after review of the transcript of the proceedings, the court concurs with the findings of the support magistrate with respect to the respondent’s violation of the support order, yearly income levels, failure to justify his lack of work, and failure to carry on a serious employment search. However, the court finds that the support magistrate impermissibly shifted the burden from the respondent in requiring the petitioner to show that the respondent could have obtained work at or above the poverty level. (Matter of Delaware County Dept. of Social Servs. [Kerschner] v Brooker, 272 AD2d 835 [2000].)
Therefore, this court finds that Family Court Act § 413 (1) (g) is not applicable to the respondent and the child support arrears should not be capped at $500 for the years that the respondent’s earnings were below the poverty level guidelines.
With respect to the amount of the arrears owed to the Department of Social Services, the certified arrears study introduced by the petitioner shows that the department is owed $9,558.92 in child support arrears as of December 18, 2002. According to the study, this amount reflects payments made by the respondent prior to 1996. The respondent made no claim that his support payments were improperly applied. Since the respondent’s arrears are not capped, this court finds that the respondent owes the Onondaga County Department of Social Services $9,558.92 and judgment is entered accordingly.
The court notes that, having failed to raise a statute of limitations defense, the six-year limitation on the judgment is unavailable to the respondent. (Dox v Tynon, 90 NY2d 166 [1997], supra.)
The court, therefore, grants the petitioner’s objection to the hearing examiner’s fact-finding and order of disposition. The *1010 judgment of the support magistrate is affirmed to the extent that the respondent is adjudged in violation of the order of support, but modified to the extent that judgment is given to the Onondaga County Department of Social Services in the amount of $9,558.92. The order (entry money judgment), filed and entered on February 18, 2003, is hereby vacated. The court remands the matter to the support magistrate for modification of the prior order and entry of an order for money judgment in accordance with this decision.