In the Matter of PATRICIA APOSTOLOS, Appellant, v JASON A. FAIRSERVICE, Respondent. (And Four Other Related Proceedings.) [802 NYS2d 807]—

Mugglin, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered October 7, 2004, which, inter alia, dismissed petitioner's applications, in five proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter born in 1997. The parties, who never married, separated before the birth of the child. In May 1998, Family Court granted temporary guardianship to the child's paternal grandmother. In January 1999, on consent of the parties, Family Court awarded custody to the mother. Thereafter, the mother and daughter resided in several places in New York and Florida. However, in July and August 2003, the mother left the child with the paternal grandmother in Florida and, in November 2003, she allowed the child to return to New York to live with the maternal grandmother. In February 2004, the maternal grandmother sent the child to Fort Riley, Kansas, where the father was stationed, although he was at that time deployed in Iraq and the child would be in the care of his wife, Wendy Fairservice. Until this time, the father had exercised only sporadic visitation with the child. The mother, unaware that her daughter was in Kansas, was eventually contacted and signed a consent that temporary custody and guardianship be transferred to the father and his wife. In March 2004, the father petitioned Family Court for modification of the 1999 custody order. He attached the mother's consent as evidence of a change in circumstances. On the return date, only the father's counsel appeared and the record contains no proof of service on the mother. Family Court awarded custody to the father "without prejudice to either party[ ] seeking future modification of its terms."

Although the formal order was not entered until June 2004, the mother filed a modification petition on May 17, 2004 seeking custody and contending that she consented only to temporary custody in the father for school registration purposes, believing that the child would be returned at the conclusion of the school year. Subsequently, she filed a second modification petition and a violation petition, and the Law Guardian filed a modification petition on behalf of the child. Following trial, Family Court, by decision and order entered October 7, 2004, dismissed the mother's application for modification of the prior order, finding that the child's best interest required continuation of the order. The mother appeals contending that the June 2004 award of custody to the father was improper as she was given no notice of the proceeding and no formal evidentiary hearing was conducted. In addition, she argues that Family Court's refusal to modify its prior custody order was erroneous since the court proceeded with a "best interest" hearing without requiring the father to show any change in circumstances.

Initially, we note that the mother's arguments on this appeal,

as they relate to the June 2004 order, are not properly before us as no appeal was taken from that order (*see Matter of Erika G.*, 289 AD2d 803, 804 [2001]). Given the circumstances under which the previous custody order was entered, and because both parties were given the right to seek modification of it, we hold that Family Court correctly reached the issue of the child's best interests without requiring either party to demonstrate further changed circumstances.

We find no reason to disturb Family Court's award of custody to the father. He maintains a stable household (*see Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]), and has obtained psychological counseling for his daughter. Moreover, while residing with him, she has progressed in school to the appropriate grade level. In sum, evaluation of the totality of the circumstances affecting the child's life at the present time reveals a sound and substantial basis in the record for continuing custody in the father (*see Matter of Kemp v Kemp*, 19 AD3d 748, 750 [2005], *lv denied* 5 NY3d 707 [2005]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.