■ In the Matter of KATHLEEN L. FOGG, Respondent, v DAVID F. STOLL, Appellant. [809 NYS2d 368]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered August 19, 2004 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, confirmed the determination of the Support Magistrate that respondent was in willful violation of an order of child support.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly determined that respondent was in willful violation of an order of child support. The record establishes respondent's failure to pay support pursuant to the order, which "itself constitutes 'prima facie evidence of a willful violation' " (*Matter of Powers v Powers*, 86 NY2d 63, 69 [1995], quoting Family Ct Act § 454 [3] [a]). The burden then shifted to respondent to come forward with "some competent, credible evidence of his inability to make the required payments" (*id.* at 70). Although respondent testified that he was unable to meet his support obligation because physical disabilities interfered with his ability to maintain employment, he failed to offer competent medical evidence to substanti-

ate that testimony (*see Matter of Nickerson v Bellinger,* 258 AD2d 688 [1999]). Further, respondent testified that he was in fact employed as a truck driver (*see Matter of Cowan v Lott,* 307 AD2d 480, 481 [2003]) and that he failed to report that employment to the Child Support Enforcement Unit (CSEU) (*see Matter of Armstrong v Belrose,* 9 AD3d 625, 627 [2004]). In addition, the record establishes that respondent quit that job, not because of his alleged disabilities but because the CSEU had discovered that he was employed and had garnished his wages. Under those circumstances, we see no reason to disturb the finding that respondent was in willful violation of the order of child support. Finally, we note that any issue concerning the propriety of the order dismissing the petition of respondent seeking a downward modification of his child support obligation is not properly before us because no appeal was taken from that order (*see Matter of Apostolos v Fairservice,* 23 AD3d 720, 721-722 [2005]). Present—Pigott, Jr., P.J., Gorski, Smith, Green and Hayes, JJ.