In the Matter of Susan A. Paige, Respondent, v Robert E. Paige, Appellant. [857 NYS2d 843]—

Appeal from an order of the Family Court, Livingston County (Dennis S. Cohen, J.), entered March 13, 2007 in a proceeding pursuant to Family Court Act article 4. The order, among other things, found that respondent willfully violated an order of child support and sentenced him to a term of incarceration.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order finding that he willfully violated an order of child support and sentencing him to six months in jail. "The evidence before the Support Magistrate supports the finding that [the father] willfully violated the order of support," and thus Family Court properly confirmed that finding (*Matter of Hunt v Hunt*, 30 AD3d 1065, 1065 [2006]). The father is presumed to have sufficient means to support his minor children (*see* Family Ct Act § 437), and petitioner presented "prima facie evidence of a willful violation" of the support order, i.e., the father's failure to pay support as ordered (§ 454 [3] [a]). The burden then shifted to the father "to offer some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *see Matter of Christine L.M. v Wlodek K.*, 45 AD3d 1452 [2007]; *Matter of Fogg v Stoll*, 26 AD3d 810 [2006]). The father failed to meet that burden because, although he contended that he was unable to obtain employment based on his disability, he failed to introduce medical evidence supporting that contention (*see Matter of Greene v Holmes*, 31 AD3d 760, 762 [2006]; *Fogg*, 26 AD3d 810 [2006]). The contention of the father that he was denied effective assistance of counsel is raised for the first time in his reply brief and thus is not properly before us (*see Notaro v Power Auth. of State of N.Y.*, 41 AD3d 1318, 1319 [2007], *lv dismissed* 9 NY3d 935 [2007]; *Turner v Canale*, 15 AD3d 960 [2005], *lv denied* 5 NY3d 702 [2005]).

We have considered the father's remaining contentions and

conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Gorski, JJ.