■ In the Matter of TANDY RENEE WILSON, Respondent, v NORMAN CRAIG LaMOUNTAIN, Appellant. [921 NYS2d 362]—

Egan Jr., J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered May 18, 2010, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to the Franklin County Jail for a term of 90 days.

The parties are the parents of two children (born in 1990 and 1995). In June 2005, Family Court registered a child support or-

der issued by a court in Nevada, which, in July 2004, required respondent to pay $250 per month, per child, to petitioner (*see* Family Ct Act § 580-601).[1] In January 2007, petitioner commenced the instant proceeding alleging respondent's willful violation of the order of support. Subsequently, petitioner filed an amended petition further alleging that respondent failed to pay his percentage of uncovered medical expenses for the children. Respondent was served with the petition and amended petition, but he failed to appear at the scheduled court appearance; in May 2007, a warrant was issued for his arrest.

In August 2009, respondent was arrested and appeared before a Support Magistrate. Following a hearing, the Support Magistrate found that respondent had willfully violated the support order, established arrears and awarded a judgment of $23,526.35, and referred the matter to Family Court for confirmation. Family Court confirmed the Support Magistrate's findings and, after a hearing, imposed a sentence of 90 days in jail.[2] Respondent now appeals, contending that Family Court erred in committing him to a period of incarceration absent proof of his ability to pay the support obligation.

Pursuant to Family Ct Act § 437, a respondent is presumed to have sufficient means to support his or her spouse and children. " 'Proof of a failure to make required support payments is prima facie evidence of a willful violation' " (*Matter of St. Lawrence County Support Collection Unit v Cook*, 57 AD3d 1258, 1258-1259 [2008], *lvs denied* 12 NY3d 707 [2009], quoting *Matter of St. Lawrence County Dept. of Social Servs. v Pratt*, 44 AD3d 1125, 1125 [2007], *lv dismissed and denied* 9 NY3d 1020 [2008]; *see* Family Ct Act § 454 [3] [a]), which then shifts the burden to the respondent to provide some "credible evidence of his [or her] inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 70 [1995]; *see Matter of Chamberlain v Chamberlain*, 69 AD3d 1249, 1250 [2010]; *Matter of Vickery v Vickery*, 63 AD3d 1220, 1221 [2009]). Here, a representative of the Franklin County Child Support Collection Unit provided unrefuted testimony at the hearing before the Support Magistrate that the child support arrears exceeded $28,000, with the last payment having been made in February 2006. Petitioner confirmed that she had not received any child support payments since February 2006, and also testified that she had not received

1. In April 2009, the older child turned 19—the age of majority in Nevada—and, accordingly, as of May 1, 2009, respondent's support payment was reduced by $250.

2. By order of this Court entered June 14, 2010, we stayed Family Court's order.

payment for respondent's half of the children's uncovered medical bills. This testimony constituted prima facie evidence of a willful violation of the order. The burden then shifted to respondent to offer evidence of his inability to make those payments.

To that end, respondent testified that he was the recipient of Social Security disability benefits, food stamps, energy aid and Medicaid benefits, and that a 1998 gunshot wound prevented him from working and, thus, paying child support. However, respondent admitted to having worked as a truck driver sometime in 2003 until 2004 and that he lost that job because the employer closed. Although respondent supplied some medical records and reports documenting his injuries,[3] both the Support Magistrate and Family Court noted that the reports failed to provide a medical opinion that respondent was unable to work. Contrary to respondent's contention, his testimony that he was receiving Social Security disability benefits did not preclude Family Court from finding that he was capable of working (*see Matter of Aranova v Aranov*, 77 AD3d 740, 741 [2010]; *Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786, 787-788 [2002], *lv dismissed* 100 NY2d 534 [2003]). According deference to Family Court's credibility assessments (*see Matter of Holbert v Rifanburg*, 39 AD3d 902, 903 [2007]), we find no basis to disturb the court's determination committing respondent to a term of incarceration based on his willful violation of the support order (*see Matter of Lewis v Cross*, 72 AD3d 1228, 1230 [2010]).

Spain, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 ---

3. This medical documentation is not included in the record on appeal.