■ In the Matter of MALIKA R. CHRISTIANI, Respondent, v CHARLES C. RHODY, Appellant. (And Another Related Proceeding.) [933 NYS2d 443]—

Peters, J.

When the father failed to make the court-ordered support

payments, the mother commenced this proceeding in November 2009 alleging a willful violation of the order of support, after which the father filed a petition again seeking to modify his support obligation. Following a hearing, a Support Magistrate (Ellis, S.M.) found that the father had willfully violated the support order, entered a money judgment directing payment of $1,541.19 in arrears, recommended that the father be sentenced to a period of incarceration and continued the prior order of support. Family Court confirmed the Support Magistrate's finding of willfulness, but did not impose a period of incarceration. The father appeals.

Initially, we note that a number of issues raised by the father are not the proper subject of this appeal. The father attacks the propriety of the November 2008 order setting his support obligation, arguing that Family Court improperly imputed income to him and failed to take into account his support obligations with respect to his other children. However, having failed to take an appeal from that order, he may not now challenge its merits (*see Matter of Garrison v Muller*, 256 AD2d 753, 754 [1998]; *Matter of Ackerman v Hourigan*, 217 AD2d 881, 881 [1995], *lv denied* 86 NY2d 708 [1995]; *see also Kayemba v Kayemba*, 309 AD2d 1045, 1047 [2003]). Likewise, to the extent that the father challenges the denial of his modification petition, there is nothing in the record indicating—nor is any claim made—that he filed written objections with Family Court challenging the Support Magistrate's resolution of that petition (*see* Family Ct Act § 439 [e]; *Matter of Menaldino v Mark UU.*, 141 AD2d 265, 267 [1988]; *see also Matter of Commissioner of Social Servs. v Segarra*, 78 NY2d 220, 222 n 1 [1991]; *Matter of Ballard v Davis*, 229 AD2d 705, 706 [1996]).* Moreover, the father's notice of appeal specifically limits his appeal to Family Court's determination confirming the Support Magistrate's finding of willfulness and, indeed, Family Court's order confirms only that finding. Thus, the only issue before us on this appeal pertains to the propriety of Family Court's determination that the father willfully violated the support order.

In that regard, the undisputed proof that the father failed to make the required child support payments since August 2009 constituted prima facie evidence of his willful violation of the support order (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]), thereby shifting the burden

---

* The matter was referred to Family Court for a confirmation hearing pursuant Family Ct Act § 439 (a) as a result of the Support Magistrate's recommendation that the father be incarcerated for willfully violating the order of support.

to him to provide competent credible evidence of his inability to make the payments (*see Matter of Powers v Powers*, 86 NY2d at 70; *Matter of Wilson v LaMountain*, 83 AD3d 1154, 1155 [2011]; *Matter of St. Lawrence County Support Collection Unit v Cook*, 57 AD3d 1258, 1259 [2008], *lvs denied* 12 NY3d 707 [2009]). This he failed to do. While the father presented evidence that he was earning less than he previously had earned in 2008, this reduction in income was the result of his voluntary decision to leave his former employment for a less lucrative position (*see Matter of Nauman v Rice*, 40 AD3d 1159, 1160 [2007]; *Matter of Freedman v Horike*, 26 AD3d 680, 681-682 [2006]; *compare Matter of Kainth v Kainth*, 36 AD3d 915, 916 [2007], *lv dismissed* 8 NY3d 1003 [2007]). Moreover, aside from a single support payment, the father did not contribute any of his salary towards his child support obligation between August 2009 and the filing of the violation petition, and the fact that he began making regular support payments following the filing of that petition belies any claim that he was previously unable to do so. Under these circumstances, we cannot say that Family Court erred in determining that the father willfully violated the support order.

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.