# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**126**
**CAF 10-00359**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF CARRIE JO YAMONACO,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DENNIS FEY, RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, BUFFALO, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered January 20, 2010 in a proceeding pursuant to Family Court Act article 4. The order, among other things, adjudged that respondent willfully violated an order to pay child support and incarcerated respondent for a period of six months.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order confirming the Support Magistrate's determination that he willfully violated a prior order to pay child support with respect to the parties' child and sentencing him to a term of six months in jail. We affirm. It is well settled that a parent is presumed to be able to support his or her minor children (*see* Family Ct Act § 437; *Matter of Christine L.M. v Wlodek K.*, 45 AD3d 1452). A "failure to pay support as ordered itself constitutes 'prima facie evidence of a willful violation' . . . [and] establishes [the] petitioner's direct case of willful violation, shifting to [the] respondent the burden of going forward" (*Matter of Powers v Powers*, 86 NY2d 63, 69). To meet that burden, the respondent must "offer some competent, credible evidence of his [or her] inability to make the required payments" (*id.* at 70-71). In the event that the respondent "testifie[s] that he [or she] was unable to meet [the] support obligation because physical [or mental] disabilities interfered with his [or her] ability to maintain employment, [the respondent must] offer competent medical evidence to substantiate that testimony" (*Matter of Fogg v Stoll*, 26 AD3d 810, 810-811; *see Matter of Greene v Holmes*, 31 AD3d 760, 762). Such evidence must establish that the condition "affected [his or] her ability to work" (*Matter of Lewis v Cross*, 72 AD3d 1228, 1230).

Great deference should be given to the determination of the Support Magistrate (*see Matter of Manocchio v Manocchio*, 16 AD3d 1126, 1128). Here, petitioner mother established that the father willfully violated the prior order by demonstrating that the father had not made

the required child support payments.  The father failed to meet his burden to present sufficient evidence of his inability to make such payments, inasmuch as he failed to offer competent medical evidence to substantiate that claim.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court