SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1247**
**CAF 11-01626**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF COMMISSIONER OF CATTARAUGUS
COUNTY DEPARTMENT OF SOCIAL SERVICES, ON BEHALF
OF KAREN E. JORDAN, PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

ERIC M. JORDAN, RESPONDENT-APPELLANT.

---

SCHAVON R. MORGAN, MACHIAS, FOR RESPONDENT-APPELLANT.

STEPHEN D. MILLER, OLEAN, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered July 18, 2011 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's written objections to an order issued by the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to recover child support arrears, and respondent father cross-petitioned for a downward modification of his support obligation. Contrary to the father's contention, Family Court properly denied his objections to the Support Magistrate's order that, after a hearing, granted the petition and denied the cross petition.

With respect to the petition, "[t]here is a presumption that a [parent] has sufficient means to support his or her . . . minor children . . . , and the evidence that [the parent] failed to pay support as ordered constitutes 'prima facie evidence of a willful violation' " (*Matter of Christine L.M. v Wlodek K.* [appeal No. 2], 45 AD3d 1452, 1452; *see* Family Ct Act §§ 437, 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 68-69), "shifting to [the parent] the burden of going forward" (*Powers*, 86 NY2d at 69). To meet that burden, the father was required to "offer some competent, credible evidence of his inability to make the required payments" (*id.* at 69-70). Where, as here, a parent "testifie[s] that he [or she] was unable to meet [the] support obligation because physical [or mental] disabilities interfered with his [or her] ability to maintain employment, . . . [the parent must] offer competent medical evidence to substantiate that testimony" (*Matter of Fogg v Stoll*, 26 AD3d 810, 810-811; *see Matter of Yamonaco v Fey*, 91 AD3d 1322, 1323, *lv denied* 19 NY3d 803). The father failed to offer such evidence, and further

failed to establish that the disability that allegedly prevented him from working continued to exist at the time of the hearing. Consequently, the court properly confirmed that part of the Support Magistrate's order that granted the petition.

The court also properly confirmed that part of the Support Magistrate's order that denied the father's cross petition. When a party seeking to modify a support obligation alleges that " 'the change in circumstances is the loss of employment, a party seeking a downward modification must make a good-faith effort at seeking re-employment commensurate with his or her qualifications and experience' " (*Matter of Gray v Gray*, 52 AD3d 1287, 1288, *lv denied* 11 NY3d 706). Additionally, when a party loses a job due to injury or illness, " 'the party has the same obligation to find some other type of employment, unless that party can demonstrate that he or she is unable to perform other work' " (*id.*). Here, the father failed to establish either that he made a good faith effort to seek other employment or that he is unable to perform other work, and he thus failed to meet his burden on the cross petition.

Entered: November 9, 2012                    Frances E. Cafarell
                                             Clerk of the Court