# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1011**

**CAF 12-01061**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF STARR L. ROSHIA,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTOPHER J. THIEL, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

JENNIFER M. LORENZ, LANCASTER, FOR RESPONDENT-APPELLANT.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (KRISTEN M. MARICLE OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Kevin M.
Carter, J.), entered May 9, 2012 in a proceeding pursuant to Family
Court Act article 4.  The order denied the objections of respondent to
the order of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In appeal No. 1, respondent father appeals from an
order denying his objections to the order of the Support Magistrate,
which denied his motions to vacate the underlying support order
entered upon his default and to cap his unpaid child support arrears
at $500 pursuant to Family Court Act § 413 (1) (g).  In appeal No. 2,
the father appeals from an order confirming the Support Magistrate's
determination that he willfully failed to obey the support order and,
in appeal No. 3, the father appeals from an order that committed him
to a term of incarceration of three months.

We reject the father's contention in appeal No. 1 that Family
Court erred in denying his objections to the Support Magistrate's
order insofar as it denied his motion to vacate the underlying support
order entered upon his default.  Although default orders are
disfavored in cases involving the custody or support of children, and
thus the rules with respect to vacating default judgments are " 'not
to be applied as rigorously' " in those cases (*Matter of Troy D.B. v
Jefferson County Dept. of Social Servs.*, 42 AD3d 964, 965; *see Matter
of Gabriel v Cooper*, 26 AD3d 493, 494; *Matter of Patricia J. v Lionel
S.*, 203 AD2d 979, 979), "that policy does not relieve the defaulting
party of the burden of establishing a reasonable excuse for the
default" (*Calle v Calle*, 28 AD3d 1209, 1209).  Here, the father's
proffered excuse for the default was that he and the child's mother

agreed that neither of them would pay child support for either child of their marriage, and he therefore did not appear in court because he believed that the court proceedings to determine his child support obligation were scheduled in error. That excuse is not reasonable, considering that the father consistently paid child support for the subject child, as directed by the underlying support order, for two years after the order was entered.

The father also has not demonstrated that he has a meritorious defense (*see Troy D.B.*, 42 AD3d at 965). His contention that the underlying support order was invalid because it did not comply with Family Court Act § 413 (1) (h) is without merit. That statute applies only to "[a] validly executed agreement or stipulation voluntarily entered into between the parties . . . [and] presented to the court for incorporation in an order or judgment" (§ 413 [1] [h]), and here the underlying support order was entered upon the father's default, not pursuant to any agreement or stipulation between the parties. We further reject the father's contention that the underlying support order is invalid because it imputed income to him without providing any calculations. Pursuant to Family Court Act § 413 (1) (k), "[w]hen a party has defaulted and/or the court is otherwise presented with insufficient evidence to determine gross income, the court shall order child support based upon the needs or standard of living of the child, whichever is greater."

Contrary to the father's further contention in appeal No. 1, the court properly denied his objections to the Support Magistrate's order insofar as it denied his motion to cap his unpaid child support arrears at $500 pursuant to Family Court Act § 413 (1) (g). The father should not be " 'financially rewarded for failing either to pay the order or to seek its modification' " (*Matter of Dox v Tynon*, 90 NY2d 166, 173; *see Matter of Onondaga County Dept. of Social Servs. v Timothy S.*, 294 AD2d 27, 29-30; *Matter of Sutkowy v J.B.*, 196 Misc 2d 1005, 1008-1009; *cf. Matter of Commissioner of Social Servs. v Campos*, 291 AD2d 203, 205; *Matter of Blake v Syck*, 230 AD2d 596, 597-599, *lv denied* 90 NY2d 811).

We reject the father's contention in appeal No. 2 that the court erred in confirming the Support Magistrate's finding that he willfully violated the support order. There is a statutory presumption that the father had sufficient means to support his child (*see* Family Ct Act § 437; *Matter of Powers v Powers*, 86 NY2d 63, 68-69), and the evidence that the father failed to pay support as ordered constitutes "prima facie evidence of a willful violation" (§ 454 [3] [a]). The burden then shifted to the father to present "some competent, credible evidence of his inability to make the required payments" (*Powers*, 86 NY2d at 70). The father failed to meet that burden because he "failed to present evidence establishing that he made 'reasonable efforts to obtain gainful employment' " (*Matter of Christine L.M. v Wlodek K.*, 45 AD3d 1452, 1452). The Support Magistrate found that, although the father was capable of being employed, he did not make diligent efforts to obtain employment after he was terminated from his job. The Support Magistrate was in the best position to evaluate the father's credibility, and her determination is entitled to great deference (*see*

*Matter of Kasprowicz v Osgood*, 101 AD3d 1760, 1761, *lv denied* 20 NY3d 863).  The father raises no contentions on appeal with respect to the order in appeal No. 3, committing him to a term of incarceration based on his willful violation of the support order.  In view of our determination to affirm the order in appeal No. 2 concerning the willful violation, we likewise affirm the order in appeal No. 3.

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court