## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: June 2, 2016                    520608
_____

In the Matter of JONATHAN
    LEDER,
                    Respondent,

          v                              MEMORANDUM AND ORDER

DANIELLE LEDER,
                    Appellant.
_____

Calendar Date:   April 25, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

_____

          Daniel Gartenstein, Kingston, for appellant.

_____


Clark, J.

          Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered February 5, 2015, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.

          Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son and a daughter (born in 2008 and 2010, respectively).  Pursuant to a March 2014 order of support, the mother was directed to pay $865 per month in child support and $4,325 in retroactive child support.  In August 2014, the father commenced this Family Ct Act article 4 proceeding alleging that the mother had failed to make any payment towards her child support obligation and, therefore, she

had willfully violated the prior order of support.[1]  Following a hearing, a Support Magistrate found that the mother had failed to comply with the support order and that her violation was willful. Family Court confirmed those findings after a confirmation hearing and sentenced the mother to a 120-day term of incarceration, suspended on the condition that she timely pay her regular support obligation, as well as $335 a month toward arrears.  The mother appeals.

We affirm.  A parent's "failure to pay support as ordered . . . constitutes 'prima facie evidence of a willful violation'" (Matter of Powers v Powers, 86 NY2d 63, 69 [1995], quoting Family Ct Act § 454 [3] [a]; see Matter of Wilson v LaMountain, 83 AD3d 1154, 1155 [2011]).  Upon the presentation of such prima facie evidence, the burden shifts to the respondent to rebut the evidence of willfulness by "offer[ing] some competent, credible evidence of his [or her] inability to make the required payments" (Matter of Powers v Powers, 86 NY2d at 69-70; see Matter of Vickery v Vickery, 63 AD3d 1220, 1221 [2009]).

Here, the uncontroverted testimony of an employee of the Ulster County Child Support Enforcement Unit established that the mother had not complied with the prior support order and owed over $13,000 in child support arrears, thereby shifting the burden to the mother to rebut the evidence of her willful violation (see Matter of Santana v Gonzalez, 90 AD3d 1198, 1200 [2011]; Matter of Wilson v LaMountain, 83 AD3d at 1155-1156). The mother failed to satisfy this burden.  Although the mother, who was unemployed at the time of the confirmation hearing, presented evidence that she had previously applied for jobs at various news and publishing companies, as well as certain nail salons, she also testified that she had discontinued her efforts to obtain employment and was instead attempting to raise funds to start her own publication.  The mother offered no evidence demonstrating that she was incapable of supporting her children by securing and maintaining gainful employment, even of a temporary nature, while simultaneously pursuing her publication

_____

[1]  The mother unsuccessfully sought a downward modification of her monthly child support obligation.

project. Moreover, the mother's proof established that she resided, free of charge, in a house owned by a trust that was created for her benefit, that the trust paid the mortgage and taxes on the home and that she collected $1,100 a month in rent from tenants, who also resided in that house. Under these circumstances, and according due deference to Family Court's credibility assessments (see Matter of Heyn v Burr, 19 AD3d 896, 898 [2005]), ample evidence supports Family Court's determination that the mother willfully violated the order of support (see Matter of Ulster County Support Collection Unit v Oliver, 135 AD3d 1114, 1115-1116 [2016]; Matter of Thomas v Sylvester, 95 AD3d 1488, 1489 [2012]).

Lahtinen, J.P., Rose, Lynch and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court