Matter of Hwang v Tam (2018 NY Slip Op 00768)





Matter of Hwang v Tam


2018 NY Slip Op 00768


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1521 CAF 17-00437

[*1]IN THE MATTER OF DOROTHY HWANG, PETITIONER-RESPONDENT,
v
DANIEL TAM, RESPONDENT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT. 


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered December 6, 2016 in a proceeding pursuant to Family Court Act article 4. The order confirmed the Support Magistrate's determination that respondent willfully violated a prior order to pay child support. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order confirming the Support Magistrate's determination that he willfully violated a prior order to pay child support for the parties' children and conditionally sentencing him to six months in jail if the adjudged child support arrearage was not satisfied within a stated period of time. We affirm.
A parent is presumed to be able to support his or her minor children (see Family Ct Act § 437; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]; Matter of Kasprowicz v Osgood, 101 AD3d 1760, 1761 [4th Dept 2012], lv denied 20 NY3d 863 [2013]). A "failure to pay support as ordered itself constitutes prima facie evidence of a willful violation' . . . [and] establishes [the] petitioner's direct case of willful violation, shifting to [the] respondent the burden of going forward" (Powers, 86 NY2d at 69; see Matter of Roshia v Thiel, 110 AD3d 1490, 1492 [4th Dept 2013], lv dismissed in part and denied in part 22 NY3d 1037 [2013]). To meet that burden, the respondent must "offer some competent, credible evidence of his [or her] inability to make the required payments" (Powers, 86 NY2d at 69-70). If the respondent contends that he or she was unable to meet the support obligation because a physical disability interfered with his or her ability to maintain employment, the respondent must "offer competent medical evidence to substantiate" that claim (Matter of Fogg v Stoll, 26 AD3d 810, 810-811 [4th Dept 2006]; see Matter of Yamonaco v Fey, 91 AD3d 1322, 1323 [4th Dept 2012], lv denied 19 NY3d 803 [2012]). Specifically, that medical evidence must establish that the alleged physical disability "affected [his or] her ability to work" (Matter of Lewis v Cross, 72 AD3d 1228, 1230 [3d Dept 2010]).
Here, petitioner mother established that the father willfully violated the prior order by presenting evidence that the father had not made any of the required child support payments, and the father failed to offer any medical evidence to substantiate his claim that his disability prevented him from making any of the required payments (see Yamonaco, 91 AD3d at 1322). The fact that the father was receiving Social Security benefits does not preclude a finding that he was capable of working where, as here, his claimed inability to work was not supported by the requisite medical evidence (see generally Matter of Wilson v LaMountain, 83 AD3d 1154, 1156 [3d Dept 2011]).
We have reviewed the father's remaining contentions and conclude that they are without merit.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court