Matter of Wayne County Dept. of Social Servs. v Loren (2018 NY Slip Op 01847)





Matter of Wayne County Dept. of Social Servs. v Loren


2018 NY Slip Op 01847


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.


1548 CAF 16-02234

[*1]IN THE MATTER OF WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, ON BEHALF OF MARGUERITE JACKSON, PETITIONER-RESPONDENT,
v
LISA LOREN, RESPONDENT-APPELLANT. 






ROBERT A. DINIERI, CLYDE, FOR RESPONDENT-APPELLANT.
ELIZA HEATON, LYONS, FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Wayne County (Dennis M. Kehoe, J.), entered October 12, 2016 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of respondent to the order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order denying her objections to the order of the Support Magistrate, which, inter alia, determined that the mother willfully violated a prior order of child support and denied her motion to cap her unpaid child support arrears at $500 pursuant to Family Court Act § 413 (1) (g). We reject the mother's contention that petitioner failed to establish that she willfully violated the order of support. There is a statutory presumption that a respondent has sufficient means to support his or her minor children (see Family Ct Act § 437; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]), and petitioner presented evidence that the mother failed to pay child support as ordered, which constitutes " prima facie evidence of a willful violation' " (Matter of Roshia v Thiel, 110 AD3d 1490, 1492 [4th Dept 2013], lv dismissed in part and denied in part 22 NY3d 1037 [2013], quoting § 454 [3] [a]). The burden then shifted to the mother to present "some competent, credible evidence of [her] inability to make the required payments" (Powers, 86 NY2d at 70). The mother failed to meet that burden because she "failed to present evidence that [she] made reasonable efforts to obtain gainful employment' " (Matter of Christine L.M. v Wlodek K., 45 AD3d 1452, 1452 [4th Dept 2007]). The mother testified that her only sources of income were food stamps and Medicaid benefits, and that she could not work as a result of a medical disability. The Support Magistrate, however, found that the mother's explanation was "totally lacking in credibility." The Support Magistrate was in the best position to evaluate the mother's credibility, and her determination is entitled to great deference (see Matter of Kasprowicz v Osgood, 101 AD3d 1760, 1761 [4th Dept 2012], lv denied 20 NY3d 864 [2013]). Furthermore, the record establishes that the mother failed to submit competent medical evidence to substantiate her claim that she was unable to work because of a disability (see Matter of Yamonaco v Fey, 91 AD3d 1322, 1323 [4th Dept 2012], lv denied 19 NY3d 803 [2012]; Matter of Wilson v LaMountain, 83 AD3d 1154, 1156 [3d Dept 2011]; Matter of Gray v Gray, 52 AD3d 1287, 1288 [4th Dept 2008], lv denied 11 NY3d 706 [2008]).
Contrary to the mother's further contention, Family Court properly denied her objections to the Support Magistrate's order insofar as it denied her motion to cap her unpaid child support arrears at $500 pursuant to Family Court Act § 413 (1) (g) (see Roshia, 110 AD3d at 1492; Matter of Sutkowy v J.B., 196 Misc 2d 1005, 1008-1009 [Fam Ct, Onondaga County 2003]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court