Matter of Sayyeau v Nourse (2018 NY Slip Op 07013)





Matter of Sayyeau v Nourse


2018 NY Slip Op 07013


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

525553

[*1]In the Matter of TANYA SAYYEAU, Respondent,
v
JUSTIN NOURSE, Appellant.

Calendar Date: September 6, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ.


Lawrence Brown, Bridgeport, for appellant.
Christopher Hammond, Cooperstown, for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Family Court of Madison County (O'Sullivan, J.), entered August 15, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior support obligation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2002 and 2004). Pursuant to the parties' May 2016 judgment of divorce, the father was ordered to pay child support in the amount of $55 per month. In March 2017, the mother commenced this proceeding alleging that the father was in violation of his support obligation. Following a hearing, a Support Magistrate found the father to be in willful violation of his support obligation and entered a money judgment directing payment of $444 in arrears. The father filed an objection to the Support
Magistrate's order of disposition, which Family Court denied. The father appeals, and we affirm.
"[A] parent is presumed to have the means to support his or her children, and proof of a failure to pay child support as ordered constitutes prima facie evidence of a willful violation" (Matter of Ulster County Support Collection Unit v Oliver, 135 AD3d 1114, 1115 [2016] [internal quotation marks and citations omitted]; see Family Ct Act §§ 454 [3] [a]; 437; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]). The father's admission that he failed to make the required child support payments constituted prima facie evidence of his willful violation of the support order. The burden then shifted to the father to rebut this showing by offering "competent, credible evidence of his inability to make the required payments" (Matter of Powers v Powers, 86 NY2d at 70; see Matter of Dench-Layton v Dench-Layton, 151 AD3d 1199, 1201 [2017]; Matter of Leder v Leder, 140 AD3d 1228, 1229 [2016]).
The father testified that his income is limited to monthly Social Security disability benefits, and claimed that he is unable to make the required payments due to his poor health. Although the Support Magistrate credited the father's testimony regarding his medical history and related health issues, no competent medical evidence was presented that the father's physical [*2]ailments prevented him from maintaining employment (see Matter of Hwang v Tam, 158 AD3d 1216, 1217 [2018]; Matter of Wilson v LaMountain, 83 AD3d 1154, 1156 [2011]; Matter of Lewis v Cross, 72 AD3d 1228, 1230 [2010]; Matter of Sutton-Murley v O'Connor, 61 AD3d 1054, 1055 [2009]). To that end, the fact that the father is receiving Social Security benefits does not preclude a finding that he is capable of working (see Matter of Wilson v LaMountain, 83 AD3d at 1156; Matter of Aranova v Aranov, 77 AD3d 740, 745 [2010]; Matter of Bukovinsky v Bukovinsky, 299 AD2d 786, 787-788 [2002], lv dismissed 100 NY2d 534 [2003]). Moreover, the father admitted that he used his available funds to pay expenses other than his child support obligation (see Matter of Olivari v Bianco, 161 AD3d 983, 984 [2018]; Matter of Reynolds v Oster, 192 AD2d 794, 797 [1993], appeal dismissed 81 NY2d 1068 [1993]; Matter of Department of Social Servs. of Fulton County v Hillock, 96 AD2d 625, 625 [1983]), and there is no evidence that he has made any attempt, however minimal, to comply with the child support order. According deference to the Support Magistrate's credibility assessments (see Matter of Dench-Layton v Dench-Layton, 151 AD3d at 1202), we find no basis to disturb the finding that the father failed to produce credible and competent proof of his inability to make the required payments (see id. at 1202-1203; Matter of Ulster County Support Collection Unit v Oliver, 135 AD3d at 1116; Matter of Christiani v Rhody, 90 AD3d 1090, 1092 [2011], lv denied 18 NY3d 809 [2012]; Matter of Wilson v LaMountain, 83 AD3d at 1156; Matter of Chamberlain v Chamberlain, 69 AD3d 1249, 1250 [2010]).
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.