Matter of Patrick v Botsford (2019 NY Slip Op 08470)





Matter of Patrick v Botsford


2019 NY Slip Op 08470


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

528370

[*1]In the Matter of Angela M. Patrick, Petitioner,
v
Kevin A. Botsford, Appellant.

Calendar Date: October 9, 2019

Before: Garry, P.J., Mulvey, Devine and Aarons, JJ.


Lisa K. Miller, McGraw, for appellant.



Mulvey, J.
Appeals (1) from an order of the Family Court of Broome County (Young, J.), entered January 7, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (2) from an order of said court, entered January 3, 2019, which committed respondent to jail.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2006 and 2008). In July 2018, after the father failed to make payments pursuant to a 2016 child support order, the mother filed a petition alleging that he willfully violated the prior order. After the father failed to appear at a hearing, the Support Magistrate issued a default order finding the father in willful violation of the prior support order, recommending a six-month period of incarceration and referring the matter to Family Court for confirmation. Following a confirmation hearing at which both parties testified, the court confirmed the finding of a willful violation and ordered that the father be committed to jail for six months, with a set purge amount. The father appeals from Family Court's order of commitment and its order confirming the willfulness finding.[FN1]
As to the finding of willfulness, failure to pay child support as ordered by a court is prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Leder v Leder, 140 AD3d 1228, 1229 [2016]). Once such prima facie evidence is adduced, the burden shifts to the respondent to provide some credible and competent proof of an inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Martin v Claesgens, 165 AD3d 1392, 1393 [2018]; Matter of Lewis v Cross, 80 AD3d 835, 837 [2011]). A statement of payment history and arrears from the Support Collection Unit, along with the mother's testimony that this statement was accurate and that she had not received money directly from the father, provided prima facie evidence of the father's willful violation of the support order, shifting the burden to him (see Matter of Wilson v LaMountain, 83 AD3d 1154, 1155-1156 [2011]). The father did not provide any credible evidence that he was actively seeking employment. He testified that he had worked odd jobs off the books, albeit on and off, but he generally did not provide any child support during those times that he was earning money. Although the father belatedly offered to sell his truck or get a loan from his mother to pay toward his child support arrears, he had not done so. Moreover, he testified that he did not pay child support because the mother interfered with his visitation, suggesting that he had some ability to pay but willfully withheld the money. Accordingly, Family Court properly found that the father committed a willful violation.
The father argues that Family Court should have suspended his child support payments because the mother interfered with his visitation. His citation to Domestic Relations Law § 241 is inapt. That statute permits a court to suspend payments or cancel arrears of court-ordered alimony or spousal support payable to a custodial parent who wrongly interferes with visitation, but the statute explicitly states that it does not constitute a defense "to an application to enforce payment of child support or grounds for the cancellation of arrears for child support" (Domestic Relations Law § 241). Although courts have common-law authority to suspend child support payments for severe interference with visitation, that power is limited to prospective relief only (see Matter of Kanya J. v Christopher K., 175 AD3d 760, 763 [2019]; Whitaker v Case, 122 AD3d 1015, 1019-1021 [2014]; Matter of Luke v Luke, 90 AD3d 1179, 1182 [2011]). Courts cannot cancel child support arrears that have already accrued, nor can a court permit a party to raise such interference as a defense to prevent enforcement of child support payments (see Domestic Relations Law § 241). The father's remedy would have been to make a prompt application for suspension of child support payments as soon as he believed that the mother was interfering with his visitation. When the father first raised interference with visitation — after the mother filed a violation petition — the Support Magistrate transferred the matter to Family Court to address this issue, but the court dismissed the alleged defense when the father failed to appear. Thus, Family Court properly refused to consider the mother's alleged interference with visitation when addressing her petition to enforce the father's child support obligation.
Garry, P.J., Devine and Aarons, JJ., concur.
ORDERED that the appeal from the order entered January 3, 2019 is dismissed, as moot, without costs.
ORDERED that the order entered January 7, 2019 is affirmed, without costs.



Footnotes

Footnote 1: As it appears that the imposed period of incarceration has expired, the father's appeal from the order of commitment is moot and must be dismissed (see Matter of Simmes v Hotaling, 173 AD3d 1387, 1388 [2019]; Matter of Holt v Greiner, 167 AD3d 1271, 1271-1272 [2018]).