■ In the Matter of JAGDISH K. KAKWANI, Respondent, v NISHA KAKWANI, Appellant. [1 NYS3d 349]—

Appeal from an order of protection of the Family Court, Nassau County (Teresa K. Corrigan, J.), entered October 1, 2013.

The order, after fact-finding and dispositional hearings, in effect, granted three petitions of Jagdish K. Kakwani alleging that the appellant had violated a prior order of protection of that court and, inter alia, directed Nisha Kakwani to stay away from Jagdish K. Kakwani until and including September 30, 2015.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, the petitions are denied, and the proceeding is dismissed.

The appellant's father-in-law, Jagdish K. Kakwani, filed three petitions pursuant to Family Court Act article 8 in which he alleged that the appellant, Nisha Kakwani, violated the terms of an order of protection issued by the Family Court on February 15, 2013. That order of protection directed the appellant to refrain from engaging in acts including "communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with Jagdish K. Kakwani . . . directly or indirectly regarding litigation in any Court" and also to refrain from harassment and aggravated harassment of her father-in-law. In his petitions, the father-in-law alleged that the appellant had violated the order of protection, by, among other things, having a third party send emails to members of the father-in-law's community discussing the litigation between the parties.

After a fact-finding hearing, the Family Court found that the subject communications were initiated in a manner likely to cause annoyance or alarm, and, thus, it determined that the appellant violated the February 15, 2013, order of protection by committing acts constituting aggravated harassment in the second degree (Penal Law § 240.30 [1]). The Family Court further determined that the appellant violated the provision of that order of protection directing her to refrain from communicating with her father-in-law either "directly or indirectly regarding litigation in any Court." On October 1, 2013, after a dispositional hearing, the Family Court issued the order of protection appealed from, which, among other things, directed the appellant to stay away from the father-in-law for a period of two years.

Penal Law § 240.30 (1), which proscribes engagement in communication "in a manner likely to cause annoyance or alarm," has been struck down by the Court of Appeals as unconstitutionally vague and over broad (see People v Golb, 23 NY3d 455 [2014]; Matter of Arnold v Arnold, 119 AD3d 938 [2014]) and, therefore, cannot serve as a basis for determining that the appellant violated the February 15, 2013, order of protection.

Moreover, contrary to the determination made by the Family Court in the order of fact-finding, the competent evidence adduced at the fact-finding hearing did not establish that the appellant willfully violated the provision of the subject order of protection that directed her to "refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with Jagdish K. Kakwani . . . directly or indirectly regarding litigation in any Court" (*see* Family Ct Act § 846-a).

Accordingly, we reverse the order of protection appealed from, deny the petitions, and dismiss the proceeding. Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.