# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

301

CAF 13-00620

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF WENDY R. FISHER,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JUSTIN C. HOFERT, RESPONDENT-APPELLANT.

---

ANNA JOST, TONAWANDA, FOR RESPONDENT-APPELLANT.

BRIDGET L. FIELD, ROCHESTER, FOR PETITIONER-RESPONDENT.

JEFFREY D. OSHLAG, ATTORNEY FOR THE CHILD, BATAVIA.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered February 13, 2013 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to observe certain conditions of behavior.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent father appeals from an order of protection entered upon a finding that he committed the family offense of aggravated harassment in the second degree against petitioner mother (*see* Penal Law § 240.30 [1] [a]; *see also* Family Ct Act § 812 [1]). We note at the outset that the order of protection has expired but, "given the totality of the enduring legal and reputational consequences of the contested order of protection, respondent's appeal from that order is not moot" (*Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, ___).

The Court of Appeals has determined that Penal Law § 240.30 (1), which proscribes communications made "in a manner likely to cause annoyance or alarm," is unconstitutionally vague and overbroad (*see People v Golb*, 23 NY3d 455, 467, *rearg denied* 24 NY3d 932). Thus, the statute cannot serve as the basis for a finding that respondent committed a family offense (*see generally Matter of Kakwani v Kakwani*, 124 AD3d 658, 659; *Matter of Lystra Fatimah N. v Rafael M.*, 122 AD3d 499, 499). Inasmuch as Family Court concluded that petitioner failed to establish by a preponderance of the evidence that respondent had committed either of two other family offenses alleged in the petition,

we reverse the order and dismiss the petition.

Frances E. Cafarell
                                                                 Clerk of the Court