■ In the Matter of JAZMYNE II. and Another, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MEAGAN JJ., Respondent. FRANK MM., Appellant. [24 NYS3d 425]—

Lahtinen, J.P. Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered July 9, 2014, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Jazmyne II. to be neglected, and (2) from the order of protection issued thereon.

Petitioner commenced this proceeding in March 2014 alleging that respondent Meagan JJ. (hereinafter the mother) had neglected her two children (born in 2008 and 2012). Frank MM. (hereinafter the father) is the father of the older child and appeared as a non-respondent parent (see Family Ct Act § 1035 [d]). He has been incarcerated since 2011, he is housed over 250 miles away from where the child resides and, until this proceeding was commenced, he had little—if any—contact with the child since being incarcerated. At the end of a fact-finding hearing, Family Court found that the mother had neglected the children and a combined dispositional and permanency hearing ensued. As relevant here, in its July 2014 combined disposition and permanency order, Family Court placed the older child with the maternal grandfather, stated that it was making "no provisions for visitation" between the father and child, and directed that orders of protection be issued as to the mother and the father. The July 2014 order of protection, among other things, directed the father to refrain from communicating with the child except when supervised by petitioner, which apparently was the method that had been used since communication between the two started while this matter was pending. The order of protection expired by its own terms in February 2015. The father appealed from both of the July 2014 orders and, while the appeals were pending, a subsequent permanency hearing order by Family Court provided that it was neither limiting the father's contact with the child nor affirmatively awarding visitation since, among other things, he had made no efforts to establish visitation rights.

Petitioner and the attorney for the child urge that the appeals are moot. An appeal from an order of protection that results in a "severe stigma" or otherwise creates "enduring legal and reputational consequences" is not rendered moot by the order's expiration (*Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 672, 673 [2015]; *see Matter of Elizabeth X. v Irving Y.*, 132 AD3d 1100, 1101 [2015]; *Matter of Fisher v Hofert*, 126 AD3d 1391, 1391 [2015]). Here, there was no finding of a family offense nor was there any other negative determination regarding the father in either the July 2014 order of protection or underlying July 2014 disposition and permanency hearing order. The father was not a named respondent in the neglect proceeding. The protective order appears to have maintained for about six months the status quo regarding the newly established contact between the father and subject child and, despite proof that he had been provided information by petitioner about his visitation rights as an inmate, the father neither took steps nor made a request for visitation. There being no stigma or other negative legal or reputational consequences to the father, the appeal from the expired protective order is moot (*see e.g. Matter of Marcus BB. [David BB.]*, 129 AD3d 1134, 1135 [2015]). Further, to the extent that the July 2014 disposition and permanency order could have been interpreted as limiting visitation, any such effect was clearly removed by the subsequent order and, accordingly, the appeal from the earlier order is moot and the exception to the mootness doctrine does not apply (*see Matter of Nasira D. [Madelyn D.]*, 97 AD3d 1002, 1002-1003 [2012]). Even were we to address the merits of the father's request on appeal for visitation during his incarceration, we would find it without merit based on this record, where he did not request such visits in Family Court and prison visitation is not necessarily required (*see Matter of Marquise JJ. [Jamie KK.]*, 91 AD3d 1137, 1139 [2012], *lv denied* 19 NY3d 801 [2012]).

Garry, Rose, Lynch and Devine, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.