Matter of Santiago v Santiago (2018 NY Slip Op 01193)





Matter of Santiago v Santiago


2018 NY Slip Op 01193


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-03031
 (Docket No. O-10101-16/16A)

[*1]In the Matter of Jasmine Santiago, respondent,
v
Josue Santiago, appellant.


Carol J. Lewisohn, Cedarhurst, NY, for appellant.
Kellie M. Stabile, Westbury, NY, for respondent.
Gail Jacobs, Great Neck, NY, attorney for the child.



DECISION & ORDER
Appeal from an order of protection of the Family Court, Nassau County (Conrad D. Singer, J.), dated February 17, 2017. The order, after a fact-finding hearing, in effect, granted the petition alleging that the father violated a temporary order of protection of that court and, inter alia, directed the father to stay away from the mother and their child, except for visitation pursuant to court order or written agreement of the parties until and including February 16, 2019.
ORDERED that the order of protection is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
The parties are the parents of a child born in 2008, and were in the midst of a divorce, when the mother filed a family offense petition against the father and obtained a temporary order of protection. Thereafter she filed a violation petition, alleging that the father violated the temporary order of protection when he sent certain text messages and email messages to her, and by going to the child's after-school program to pick up the child for his visitation. When the parties appeared in Family Court on the petitions, the mother withdrew her family offense petition, and the matter proceeded to a fact-finding hearing on the violation petition. The Family Court found that the father violated the temporary order of protection, and in an order of protection dated February 17, 2017, directed the father, inter alia, to stay away from the mother and their child for two years, except for visitation pursuant to court order or written agreement of the parties. The father appeals.
Contrary to the father's contention, the Family Court was not required to dismiss the violation petition based on the mother's withdrawal of the family offense petition (see Matter of Lisa T. v King E.T., _____NY3d______, 2017 NY Slip Op 8800 [2017]). However, the court erred in granting the two-year order of protection, as the competent evidence adduced at the fact-finding hearing failed to establish that the father wilfully violated the temporary order of protection (see Matter of Kakwani v Kakwani, 124 AD3d 658, 660; Matter of Cavanaugh v Madden, 298 AD2d 390, 392).
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court