■ In the Matter of ALBERT C. TRAVELL, JR., Appellant, v SANYA TRAVELL, Respondent. (Proceeding No. 1.) In the Matter

of ALBERT C. TRAVELL JR., Appellant, v HEATHER FANCHER, Respondent. (Proceeding No. 2.) [823 NYS2d 273]—

Lahtinen, J. Appeal from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered May 26, 2005, which, inter alia, dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 4, for relief from support payments and commitment.

Petitioner was found to be in willful violation of Family Court orders directing him to pay $60 a month for child support to respondent Sanya Travell and $85 every two weeks for child support to respondent Heather Fancher and was sentenced to jail terms of 30 days and 15 days for the respective violations. Each sentence was suspended on the condition that petitioner make his future court-ordered payments. Petitioner did not make any payments but was granted additional time to commence payments in anticipation of a favorable decision on his pending workers' compensation and Social Security disability claims. On November 12, 2004, when it appeared that neither claim would produce imminent payment of benefits, petitioner filed for relief from the orders of support and commitment. Affidavits for orders of commitment were then filed by the Support Collection Unit. A hearing on the four applications resulted in Family Court denying both of petitioner's requests for relief and granting the Support Collection Unit's applications, but staying enforcement for an additional period of 60 days upon the condition that petitioner timely comply with each order. Petitioner appeals.

In order to be entitled to relief, petitioner is required to show by competent proof that he is financially unable to comply with the orders of support issued by Family Court (see Family Ct Act § 455 [2]). Petitioner claims that his medical disabilities, resulting from an on-the-job injury to his neck in 2002, prevent him from working. Petitioner was apparently able to continue working for six months until numbness, tingling and sharp pain in his arm and neck caused him to see Bruce Russell, a family practice physician, in March 2003. Russell testified at the hearing that he diagnosed petitioner with cervical radiculopathy. After an MRI confirmed a narrowing of the canal where the spinal cord goes through the neck, Russell referred petitioner to a neurosurgeon who recommended surgery. Surgery was eventu-

ally performed in March 2004. Petitioner then claims that he reinjured his neck three weeks after surgery when he was hit on the head during a domestic dispute. No further diagnostic tests were performed to qualify or quantify petitioner's neck injury. After opining that petitioner was temporarily disabled and not capable of working because of weakness and pain in his neck, Russell further opined that "once his neck is fixed again, he would certainly be able to work again and I don't have any doubt about that." Moreover, during cross-examination, Russell conceded that it would be possible to have the objective findings revealed by petitioner's MRI and still be employable and able to perform work.

Petitioner also called Kelly Farnan, a psychiatric nurse practitioner, who saw petitioner in February 2004 and monthly thereafter to review medications that he was taking for a mental condition diagnosed as major depression recurrent with psychotic features. Farnan opined that petitioner's mental condition prevents him from working "[b]ecause his coping is significantly impaired by his mood." Farnan related petitioner's mental problems to his neck injury stating that because of his chronic neck pain, he is unable to work, which in turn has led to financial issues and increased stress affecting his mood and his abilities to cope.

It is clear from Russell's and Farnan's testimony that their respective opinions that petitioner is unable to work are largely dependent upon petitioner's subjective reports of pain and its debilitating effect on him. Petitioner testified that his chronic pain limits his ability to stand for one hour, he cannot sit for more than 15 minutes without experiencing severe pain, and he must wear a neck brace in order to hold his head upright. However, petitioner also testified that he is able to drive a motor vehicle, perform work around his home, hold his eight-month-old child, and he has fathered a child since his injury. Family Court saw and heard petitioner's contradictory testimony and rejected his claim that he was unemployable due to his physical disability. Giving due deference to Family Court's evaluation of petitioner's credibility with regard to the extent of his disability, we will not disturb its findings (*see Matter of Feliciano v Nielsen*, 282 AD2d 783, 785 [2001]).

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.