In the Matter of NICHOLAS V., a Neglected Child. ESSEX COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICK V., Appellant. [919 NYS2d 254]—

Stein, J.

Respondent is the father of Nicholas V. (born in 2007). The child was placed in petitioner's care and custody in 2008 and was returned to the care of his mother on a trial basis in January 2010, while remaining in petitioner's custody. Respondent, who was incarcerated, was awarded visitation with the child. In

---

addition, Supreme Court directed that the child's paternal aunt and one of his half siblings (the father's child from a different relationship) have significant quality time with the child during respondent's visitation.

Petitioner commenced this proceeding to terminate the child's placement and return him to the mother's custody. Prior to the date of the next scheduled permanency hearing, all appropriate parties were served with a permanency hearing report recommending reunification with the mother. At the hearing, respondent objected to petitioner's recommendation and requested an adjournment of the hearing. Supreme Court denied the adjournment request and proceeded with the hearing, after which the court determined that it would be in the child's best interests to be returned to the mother's custody and to terminate his placement with petitioner. Respondent now appeals and we affirm.

The determination to grant or deny an adjournment request lies within the sound discretion of the trial court and should be granted only upon a showing of good cause (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Elias QQ. [Stephanie QQ.]*, 72 AD3d 1165, 1166 [2010]; *see generally* Family Ct Act § 626 [a]). Here, respondent argues that he was entitled to a brief adjournment of the hearing in order to have Supreme Court further address the mother's alleged failure to make a good faith effort to promote the child's visitation with his half sibling, allegations of mistreatment of the child by the mother's live-in paramour and whether the mother had maintained her sobriety, as she claimed. Notably, respondent had approximately six months notice of the permanency hearing. Notwithstanding his stated basis for requesting an adjournment at the time of the hearing—to permit him to obtain witnesses to testify regarding the above matters—the record supports Supreme Court's belief that respondent's request was necessitated by his lack of preparation. Moreover, respondent emphasized during the hearing that the main issue was "sibling visitation, the lack thereof, and the distance" between the half siblings. Respondent had the opportunity to cross-examine petitioner's caseworker and the mother regarding the mother's sobriety, her willingness to continue to facilitate sibling visitation and any issues involving her paramour, and he utterly failed to demonstrate that it was contrary to the child's best interests to be returned to the mother or that the court abused its discretion when it discontinued placement with petitioner (*see Matter of Owen AA.*, 64 AD3d 953, 954 [2009]). Respondent's speculation regarding the issues he raised did not constitute good cause to warrant an adjournment (*see Matter of Alexa Ray R.*, 276 AD2d 703, 704 [2000];

*Matter of Sara KK.*, 226 AD2d 766, 767 [1996], *lv denied* 88 NY2d 808 [1996]). Under these circumstances, we cannot say that Supreme Court's denial of respondent's request for an adjournment was an abuse of its discretion.

To the extent that respondent also challenges Supreme Court's determination to grant custody of the child to the mother, we find such determination to be amply supported by the record. Moreover, although not determinative, we note that the court's decision is in accordance with the position of the attorney for the child.

Mercure, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.