# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**133**

**CAF 11-00568**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF ERIE COUNTY DEPARTMENT OF
SOCIAL SERVICES, ON BEHALF OF RENEE E. WISER,
PETITIONER-RESPONDENT,

                                        MEMORANDUM AND ORDER

          V

ANDREW R. THOMPSON, RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, BUFFALO, FOR RESPONDENT-APPELLANT.

JOHN S. CIPOLLA, BUFFALO, FOR PETITIONER-RESPONDENT.

---

     Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered January 21, 2011 in a proceeding pursuant to Family Court Act article 4. The order denied the objection to the determination of the Support Magistrate.

     It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the objections to the order of the Support Magistrate entered August 16, 2010 are granted and the motion to vacate the order of the Support Magistrate entered June 19, 2009 is granted, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding pursuant to article 4 of the Family Court Act based on respondent father's alleged willful violation of a child support order. The Support Magistrate entered an order in favor of petitioner upon the father's alleged default. We conclude that Family Court erred in denying the father's objections to a second order of the Support Magistrate, which denied the motion of the father to vacate the order entered upon his alleged default. The father's "failure to appear at the fact-finding hearing . . . 'does not automatically constitute a default,' in view of the fact that the attorney for the [father] appeared on [his] behalf and requested an adjournment" (*Matter of Isaiah H.*, 61 AD3d 1372, 1373; *see Matter of David A.A. v Maryann A.*, 41 AD3d 1300; *Matter of Shemeco D.*, 265 AD2d 860). "A party who is represented at a scheduled court appearance by an attorney has not failed to appear" (*Matter of Sales v Gisendaner*, 272 AD2d 997, 997).

     We therefore reverse the order, grant the objections to the order of the Support Magistrate entered August 16, 2010 and grant the motion to vacate the order of the Support Magistrate entered June 19, 2009, and we remit the matter to Family Court for further proceedings on the

petition.

Frances E. Cafarell
Clerk of the Court