# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**739**

**CAF 12-00776**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF KATHLEEN S. MANNING,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STANLEY P. SOBOTKA, RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF
COUNSEL), FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Onondaga County
(Michael L. Hanuszczak, J.), entered March 21, 2012 in a proceeding
pursuant to Family Court Act article 4. The order, inter alia, found
respondent to be in willful violation of an order of support.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the matter is
remitted to Family Court, Onondaga County, for further proceedings on
the petition.

Memorandum: Petitioner mother commenced this proceeding pursuant
to article 4 of the Family Court Act based on respondent father's
alleged willful violation of a child support order. The Support
Magistrate entered an order in favor of petitioner upon respondent's
alleged default, and Family Court confirmed that order. As a
preliminary matter, we agree with respondent that this appeal is
properly before us. Although respondent's brief on appeal focuses on
the erroneous determination of the Support Magistrate that respondent
had defaulted in his appearance, the order of the Support Magistrate,
which recommended commitment, had "no force and effect until confirmed
by a judge of the [Family] [C]ourt" (Family Ct Act § 439 [a]; *see
Matter of Huard v Lugo*, 81 AD3d 1265, 1266, *lv denied* 16 NY3d 710).
Thus, the order that is on appeal is the order entered by the court
and, inasmuch as respondent appeared before the court, that order was
not an order entered on his default.

We further agree with respondent that the court erred in
confirming the Support Magistrate's order inasmuch as the Support
Magistrate erred in finding respondent in default. Although
respondent did not appear before the Support Magistrate on the
scheduled date for the hearing, his attorney had previously made a
written request for an adjournment and appeared in court on the date
of the hearing to reiterate that request (*see Matter of Erie County
Dept. of Social Servs. v Thompson*, 91 AD3d 1327, 1328; *Matter of David*

*A.A. v Maryann A.*, 41 AD3d 1300, 1300). "A party who is represented at a scheduled court appearance by an attorney has not failed to appear" (*Matter of Sales v Gisendaner*, 272 AD2d 997, 997; *see Erie County Dept. of Social Serv.*, 91 AD3d at 1328). On the date of the scheduled hearing, the Support Magistrate indicated that she had previously decided to grant the adjournment and had scheduled another matter to be heard that day. Apparently, she changed her mind and proceeded to engage petitioner in a colloquy about respondent's failure to pay child support. In response to questioning from the Support Magistrate, petitioner stated that respondent had failed to pay child support, but she acknowledged that respondent was unemployed and was struggling financially. Moreover, the record establishes that respondent qualified for public assistance and had requested the adjournment to obtain medical records that allegedly would have demonstrated that he suffered from a physical disability that prevented him from working.

Inasmuch as the Support Magistrate erred in determining that respondent had defaulted and the colloquy with petitioner did not constitute the requisite fact-finding hearing necessary to develop a factual basis for a finding of willful violation, we conclude that the court erred in confirming the order of the Support Magistrate. "In the absence of a fact-finding hearing, there was no factual support for the finding that" respondent willfully violated the support order (*Matter of Bradley M.M. [Michael M.-Cindy M.]*, 98 AD3d 1257, 1258; *see Matter of Shemeco D.*, 265 AD2d 860, 860). We therefore reverse the order and remit the matter to Family Court for further proceedings on the petition.

Entered: June 28, 2013                                        Frances E. Cafarell
                                                             Clerk of the Court