Rose, J.
Appeal from an order of the Family Court of Columbia County (Koweek, J.), entered October 7, 2014, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Petitioner commenced this Family Ct Act article 10 proceeding alleging that both respondent Cheyenne QQ. (hereinafter the father) and respondent Angela PP. (hereinafter the mother) had neglected their five children. Petitioner subsequently withdrew its allegations against the mother and pursued the petition against the father only. In May 2014, the father appeared before the Integrated Domestic Violence Court and pleaded guilty to criminal contempt in the second degree in satisfaction of a number of criminal charges pending against him, including violating an order of protection issued in favor of the mother. After the plea allocution, the court also conferenced the neglect petition and, with the father present, scheduled a combined fact-finding and dispositional hearing for August 11, 2014 and August 14, 2014. Nevertheless, the father failed to appear at the August 14, 2014 hearing, without providing any explanation to Family Court or his attorney. Although his counsel requested an adjournment, Family Court denied it and proceeded with the hearing. The court, among other things, adjudicated all five children to be neglected by the father, and he now appeals.
The father contends that Family Court abused its discretion by denying his counsel’s requests for an adjournment and allowing the August 14, 2014 hearing to proceed in his absence. We note, however, that he has not moved to vacate the resulting order and schedule a rehearing on this basis (see Family Ct *1097 Act § 1042; Matter of Elizabeth T., 3 AD3d 751, 753 [2004]). In any event, the record makes clear that Family Court made the father aware of the hearing date, yet neither he nor his counsel offered any explanation for his absence (see Family Ct Act § 626 [a]; Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Nicholas V. [Rick V.], 82 AD3d 1555, 1556 [2011]).
We also agree with Family Court that “petitioner demonstrated, by a preponderance of evidence, that the child [ren]’s physical, mental or emotional condition [s] [were] harmed or [were] in imminent danger of such harm as a result of the [father’s] failure to exercise a minimum degree of care” (Matter of Xavier II., 58 AD3d 898, 899 [2009]; accord Matter of Hailey XX. [Angel XX.], 127 AD3d 1266, 1268 [2015]; see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see also Family Ct Act §§ 1012 [f] [i] [B]; 1046 Ob]). The father’s reliance on Nicholson v Scoppetta (3 NY3d at 371) is misplaced, as “[t]hat case does not prevent neglect findings against the perpetrator of domestic violence, especially when the children are present for such violence and are visibly upset and frightened by it” (Matter of Michael WW., 20 AD3d 609, 611-612 [2005]).
At the fact-finding hearing, the evidence consisted of testimony from a caseworker employed by petitioner and from the mother. The caseworker testified that she interviewed two of the children — Cheyenne OO. (born in 2000) and Arabella OO. (born in 2006) — and that Arabella told her that the father and the mother would often yell and hit each other with fists, which made her “sad.” According to the caseworker, Arabella also stated that, since the father had left the home, “they had a happy family.” Cheyenne, the eldest child, confirmed to the caseworker that the father had a verbally and physically abusive relationship with the mother and that, despite Cheyenne’s efforts to “keep the younger siblings away from it,” they all observed the father and the mother’s violent disputes. The caseworker also described multiple instances in which Cheyenne was frightened by the father’s abusive conduct, including one specific altercation during which the father hit the mother in the face, causing her nose to bleed so profusely that Cheyenne used his own shirt to try to stop the bleeding. The mother’s testimony was consistent with that of the caseworker’s, insofar as she testified that she was the frequent victim of domestic violence at the hands of the father and that all of her children were exposed to it. Additionally, the mother averred that the father verbally denigrated all of the children and they never responded for fear of the consequences. The mother also testified that the father would hit some of the chil *1098 dren, especially Cheyenne, who would often attempt to intervene in his parents’ altercations in order to protect the mother. In our view, the foregoing provides a sound and substantial basis in the record for Family Court’s finding that the father, by his conduct, endangered the well-being of his children and, thus, neglected them (see Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1216 [2011], lv denied 17 NY3d 708 [2011]; Matter of Shiree G. [Robert E.], 74 AD3d 1416, 1417 [2010]; Matter of Shalyse WW., 63 AD3d 1193, 1196 [2009], lv denied 13 NY3d 704 [2009]).
Lahtinen, J.P., Garry, Lynch and Devine, JJ., concur. Ordered that the order is affirmed, without costs.