# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**229**
**CAF 15-00199**
PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF LESLEY SHEPHARD,
PETITIONER-RESPONDENT,

                V                      MEMORANDUM AND ORDER

ERICK O. RAY, RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, HANCOCK ESTABROOK, LLP, SYRACUSE (JAMES P. YOUNGS OF COUNSEL), PRO BONO APPEALS PROGRAM, ALBANY, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Monroe County (Paul M. Riordan, R.), entered December 8, 2014 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent appeals from an order of protection issued upon a finding that he committed a family offense, i.e., that he engaged in conduct that would constitute the offense of harassment in the second degree (Penal Law § 240.26 [3]). "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [h]e or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (*id.*). The "intent [element] may be inferred from conduct as well as the surrounding circumstances" (*People v Kelly*, 79 AD3d 1642, 1642, *lv denied* 16 NY3d 832 [internal quotation marks omitted]). We agree with respondent that the evidence of intent is legally insufficient and, thus, petitioner did not meet her burden of establishing by a fair preponderance of the evidence that respondent's conduct constituted the alleged offense (*see* Family Ct Act § 832).

Initially, we note that "the expiration of the order of protection does not moot the appeal because the order still imposes significant enduring consequences upon respondent, who may receive relief from those consequences upon a favorable appellate decision" (*Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 671; *see Matter of Fisher v Hofert*, 126 AD3d 1391, 1391).

The Referee found that respondent committed a family offense,

i.e., harassment in the second degree, based upon the Referee's conclusion that respondent told petitioner during a lengthy telephone call that he did not know what he would do if he saw her with another man, sent her two or three text messages stating that he hoped to reconcile with her, and then left on petitioner's car several mementos that petitioner had given him along with the message that he would "never forget [her], bye."  Notwithstanding the Referee's implicit finding that petitioner was upset by the communications, "her reaction is immaterial in establishing [respondent]'s intent" (*People v Caulkins*, 82 AD3d 1506, 1507).  Furthermore, although "[t]he requisite intent may be inferred from the surrounding circumstances" (*Matter of Shana SS. v Jeremy TT.*, 111 AD3d 1090, 1091, *lv denied* 22 NY3d 862; *see Christina KK. v Kathleen LL.*, 119 AD3d 1000, 1002), the circumstances here failed to establish that respondent acted with the requisite intent.  Even crediting the Referee's credibility determinations that respondent engaged in the conduct described above, we conclude that such conduct was comprised of relatively innocuous acts that were insufficient to establish that respondent engaged in a course of conduct with the intent to harass, alarm or annoy petitioner (*see Matter of Christina MM. v George MM.*, 103 AD3d 935, 936-937). Inasmuch as the Referee concluded that petitioner failed to establish by a fair preponderance of the evidence that respondent had committed either of two other family offenses alleged in the petition, we dismiss the petition.  Respondent's remaining contention is moot in light of our determination.

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court