# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**544**
**CAF 13-02185**
PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF TRISHA M. DANIELS,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JUSTIN M. DAVIS, RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET SOMES OF
COUNSEL), PRO BONO APPEALS PROGRAM, ALBANY, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Monroe County (Paul M. Riordan, R.), entered October 24, 2013 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to have no offensive contact with petitioner.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the family offense petition is dismissed.

Memorandum: In this proceeding brought pursuant to Family Court Act article 8, respondent appeals from an order of protection requiring him, inter alia, to refrain from offensive conduct toward petitioner and granting petitioner temporary custody of the parties' three children subject to defined visitation by respondent. We agree with respondent that the appeal has not been rendered moot by the expiration of the order of protection, which "still imposes significant enduring consequences upon respondent, who may receive relief from those consequences upon a favorable appellate decision" (*Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 671; *see Matter of Shephard v Ray*, 137 AD3d 1715, 1716). We further agree with respondent that Family Court erred in disposing of the matter on the basis of respondent's purported default. As we have repeatedly held, a respondent who fails to appear personally in a matter but nonetheless is represented by counsel who is present when the case is called is not in default in that matter (*see Matter of Manning v Sobotka*, 107 AD3d 1638, 1638-1639; *Matter of Erie County Dept. of Social Servs. v Thompson*, 91 AD3d 1327, 1328; *Matter of Cleveland W.*, 256 AD2d 1151, 1151-1152).

Finally, we conclude that petitioner failed to establish by a fair preponderance of the evidence that respondent committed the family offense of harassment in the second degree (Penal Law § 240.26 [1], [3]; *see* Family Ct Act § 832; *Shephard*, 137 AD3d at 1716). In this non-default posture, the brief colloquy between the court and

petitioner, who merely "re-verif[ied]" the allegations of the petition, was insufficient to establish respondent's commission of the family offense.  Here, the hearing record contains no evidence concerning the content of the telephone calls made and the texts sent by respondent in the context of the parties' custody/visitation dispute, and thus there is no evidentiary basis for a finding that respondent engaged in a course of conduct that was intended to alarm or seriously annoy petitioner and lacked any legitimate purpose (*see* Penal Law § 240.26 [3]; *Shephard*, 137 AD3d at 1716).  Nor was evidence presented at the hearing sufficient to support a finding that respondent attempted or threatened to strike, shove or kick petitioner or otherwise subject her to physical contact (*see* § 240.26 [1]).

Entered:  June 10, 2016                      Frances E. Cafarell
                                             Clerk of the Court