# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

340
CAF 15-02107
PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

IN THE MATTER OF CAMERON B.
---------------------------------------------
CHAUTAUQUA COUNTY DEPARTMENT OF HEALTH          MEMORANDUM AND ORDER
AND HUMAN SERVICES, PETITIONER-RESPONDENT;

NICOLE C., RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

REBECCA L. DAVISON-MARCH, MAYVILLE, FOR PETITIONER-RESPONDENT.

RACHEL L. MITCHELL, ATTORNEY FOR THE CHILD, GOWANDA.

---

Appeal from an order of the Family Court, Chautauqua County (Jeffrey A. Piazza, J.), entered December 1, 2015 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject child.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Chautauqua County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from a fact-finding and dispositional order issued after an inquest following the mother's failure to personally appear at the hearing on the petition. The mother's counsel appeared at the hearing and requested an adjournment. Petitioner's counsel and the Attorney for the Child objected to an adjournment. The mother's counsel participated in the inquest after Family Court denied the adjournment.

We agree with the mother that the court erred in disposing of the matter on the basis of her purported default. "As we have repeatedly held, a respondent who fails to appear personally in a matter but nonetheless is represented by counsel who is present when the case is called is not in default in that matter" (*Matter of Daniels v Davis*, 140 AD3d 1688, 1688; *see Matter of Manning v Sobotka*, 107 AD3d 1638, 1638-1639; *Matter of Erie County Dept. of Social Servs. v Thompson*, 91 AD3d 1327, 1328). Moreover, inasmuch as the mother's counsel objected on ten occasions during the inquest, this is not a situation where a default could be found based, at least in part, upon counsel's " 'election to stand mute' " during the inquest (*Matter of Lastanzea L. [Lakesha L.]*, 87 AD3d 1356, 1356, *lv dismissed in part and denied in part* 18 NY3d 854). In any event, even if we were to conclude that the court properly determined the mother to be in default, we

nonetheless could reach and address the issue of the court's denial of the request for an adjournment inasmuch as it was the subject of contest below (*see Matter of Daija K.P. [Danielle P.]*, 129 AD3d 1087, 1087).

We further agree with the mother that the court abused its discretion in denying her counsel's request to adjourn the hearing. The request was based on the fact that the mother was unable to attend the hearing owing to illness.  It is well settled that the grant or denial of a request for an adjournment for any purpose is a matter resting within the sound discretion of the trial court (*see Matter of Steven B.*, 6 NY3d 888, 889).  Here, the record demonstrates that the mother contacted her counsel and petitioner prior to the hearing to report her illness, that the proceedings in this matter were not protracted, that the mother personally appeared at all prior proceedings, and that the request for an adjournment was the mother's first (*see Matter of Nicole J.*, 71 AD3d 1581, 1582).  We therefore reverse the order, and we remit the matter to Family Court for a new fact-finding hearing and, if necessary, a new dispositional hearing.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court