■ In the Matter of TANYA A. DENCH-LAYTON, Respondent, v PAUL T. DENCH-LAYTON, Appellant. [56 NYS3d 598]—

Peters, P.J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 27, 2015, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.

Pursuant to a 2013 order of support, respondent (hereinafter the father) was required to pay child support to petitioner (hereinafter the mother) for their three children (born in 1997, 1999 and 2004). Thereafter, the mother commenced this proceeding alleging that the father was in willful violation of the support order. On the fourth day of the fact-finding hearing, the father failed to appear and the Support Magistrate denied the request by the father's counsel to adjourn the hearing. The Support Magistrate subsequently issued an order on the father's default finding him in willful violation of the support order and granted the mother a money judgment. The father's motion to vacate his default was denied by the Support Magistrate, and the matter proceeded to Family Court for

confirmation of the willful violation finding. After reviewing the evidence admitted before the Support Magistrate, Family Court found, among other things, that the father willfully violated the support order and placed him on probation until the $22,053 in arrears was satisfied or there was no longer an order of support in effect for any of the subject children, whichever event occurred first. The father appeals.

The father asserts that the denial of his request to adjourn the fact-finding hearing was an abuse of discretion and that he was not required to seek vacatur of the default because he was denied his fundamental right to be heard. "The grant or denial of a motion for an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Steven B.*, 6 NY3d 888, 889 [2006] [internal quotation marks and citation omitted]; *accord Matter of Martin v Martin*, 46 AD3d 1243, 1246 [2007]; *see Matter of Lorys v Powell*, 116 AD3d 1047, 1048 [2014]). Adjournment requests "should be granted only upon a showing of good cause" (*Matter of Nicholas V. [Rick V.]*, 82 AD3d 1555, 1556 [2011]; *see Matter of Beverly EE. [Ryan FF.]*, 88 AD3d 1086, 1088 [2011]; *see generally* Family Ct Act § 626 [a]).

The father was present for the first three days of the fact-finding hearing, during which he provided direct testimony in support of his defense, was cross-examined by the mother's counsel, testified on redirect examination and was free to otherwise introduce additional forms of proof. When the father failed to appear on the last day of the hearing, on which he was scheduled to be questioned further by the mother's counsel and present the testimony of his girlfriend, the father's counsel requested an adjournment on the basis that there was an illness in the father's family. The Support Magistrate denied the adjournment request on the grounds that the case had been prolonged and there was no evidence to support the father's explanation for his nonappearance. In view of the father's previous history of failing to appear in court as well as his failure to provide any medical documentation to support the illness claimed, and given that he was afforded an adequate opportunity to testify and present evidence at the fact-finding hearing, it was not an abuse of discretion to deny his adjournment request (*see Matter of Braswell v Braswell*, 80 AD3d 827, 829 [2011]; *Terio v Terio*, 190 AD2d 665, 666 [1993], *appeal dismissed* 81 NY2d 994 [1993], *lv dismissed and denied* 82 NY2d 778 [1993], *cert denied* 511 US 1022 [1994]). Nor was the father denied due process inasmuch as he was provided with a full and fair opportunity to testify and introduce evidence on his behalf.

The Support Magistrate erred, however, in finding the father in default based on his nonappearance on the last day of the fact-finding hearing. The father had appeared on the first three days of the hearing, had already provided substantial testimony in support of his defense and had been cross-examined by the mother's counsel (*see Matter of Savanna G. [Danyelle M.]*, 118 AD3d 1482, 1482 [2014]; *Matter of Danielle M.*, 26 AD3d 748, 748 [2006], *lv denied* 7 NY3d 703 [2006]). Moreover, although the father did not appear on the last day of the hearing, his counsel had made a written request for an adjournment earlier that day and thereafter appeared in court to reiterate such request (*see Matter of Manning v Sobotka*, 107 AD3d 1638, 1639 [2013]; *Matter of Erie County Dept. of Social Servs. v Thompson*, 91 AD3d 1327, 1328 [2012]; *Matter of Cassandra M.*, 260 AD2d 961, 962-963 [1999]).[1] Because there was no default, the father was not required to move to vacate the Support Magistrate's order and to file objections to the denial of such motion with Family Court. Accordingly, Family Court properly reviewed the record before the Support Magistrate to determine whether to confirm the finding of a willful violation on the merits (*cf. Matter of Manning v Sobotka*, 107 AD3d at 1638; *see generally* Family Ct Act § 439 [a], [e]).

Addressing the merits, a parent is presumed to have the means to support his or her children under the age of 21 (*see* Family Ct Act § 437; *Matter of Powers v Powers*, 86 NY2d 63, 68-69 [1995]). "[P]roof of a failure to pay child support as ordered constitutes prima facie evidence of a willful violation" (*Matter of Ulster County Support Collection Unit v Oliver*, 135 AD3d 1114, 1115 [2016]; *see* Family Ct Act § 454 [3] [a]), which shifts the burden to the parent who owes the support to come forward with competent, credible evidence of his or her inability to pay (*see Matter of Powers v Powers*, 86 NY2d at 69; *Matter of Provost v Provost*, 147 AD3d 1256, 1257 [2017]).

At the fact-finding hearing, the mother presented a document from the child support collection unit indicating the amount of child support arrears owed and testified that the amounts were accurate and that she had not received any child support payments from the father that were not already reflected in the document. This evidence was sufficient to make a prima facie showing of a willful violation and to shift the burden to the father to establish, by competent proof, an inability to pay (*see Matter of Santana v Gonzalez*, 90 AD3d 1198, 1200 [2011]; *Matter of Wilson v LaMountain*, 83 AD3d 1154,

---

1. We also note that the Support Magistrate, among other things, permitted the father's counsel to make closing arguments.

1155-1156 [2011]; *Matter of Sandulescu v Caico*, 64 AD3d 905, 907 [2009]).

To that end, the father testified that he was unable to work due to his various medical conditions and because he was the primary caretaker of the two children he shared with his girlfriend. He did not, however, offer any medical documentation or evidence to substantiate his medical claims (*see Matter of Boyle v Boyle*, 101 AD3d 1412, 1413 [2012]; *Matter of Freedman v Horike*, 68 AD3d 1205, 1206 [2009], *lv dismissed and denied* 14 NY3d 811 [2010]). Further, despite his alleged medical issues, the father testified that he drove over 200 miles to New York City each weekend to sell produce and admitted that he worked in the farming industry after he had been diagnosed with cancer and received treatment (*see Matter of Wilson v LaMountain*, 83 AD3d at 1156; *Matter of Travell v Travell*, 33 AD3d 1169, 1171 [2006]). As aptly noted by Family Court, the father "deliberately structured his life in such a manner [as] to create the appearance of indigenc[e] to avoid paying child support." Although the father claimed that he had given his farm to his girlfriend, he admitted that he did not legally assign the farm to her and there is no evidence that he received any consideration for it. In fact, the father continued to work for the farm without receiving any compensation.[2]

Moreover, the father failed to show that he made a good-faith effort to obtain employment, as evidenced by his own testimony that his job search was limited to an Internet inquiry and that he had not applied for any such jobs (*see Matter of Roshia v Thiel*, 110 AD3d 1490, 1492 [2013], *lv dismissed and denied* 22 NY3d 1037 [2013]; *Matter of Greene v Hanson*, 100 AD3d 1558, 1558-1559 [2012]). The father's pending application for Social Security disability benefits "did not preclude Family Court from finding that he was capable of working" (*Matter of Wilson v LaMountain*, 83 AD3d at 1156; *see Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786, 787-788 [2002], *lv dismissed* 100 NY2d 534 [2003]). Furthermore, having failed to appear on the last day of the fact-finding hearing, the father may not now argue that he should have been allowed to present additional evidence in support of his defense (*see Matter of Ball v Marshall*, 103 AD3d 1270, 1271 [2013]).[3] According due deference to the trier of fact on issues of credibility (*see Matter*

---

**2.** The farm, which made approximately $246,000 in gross sales in 2012, was described by the father as a "profitable" enterprise.

**3.** Notably, the father's nonappearance prevented the mother from subjecting him to recross-examination scheduled for that date, thereby rendering unchallenged any testimony that he provided on redirect.

of *Dempsey v Arreglado*, 95 AD3d 1388, 1390 [2012]; *Matter of Freedman v Horike*, 68 AD3d at 1207), we find ample record support for Family Court's determination that the father willfully violated the support order (*see Matter of Smith v Jeffers*, 110 AD3d 904, 905 [2013]; *Matter of Boyle v Boyle*, 101 AD3d at 1413; *Matter of Lewis v Cross*, 72 AD3d 1228, 1230 [2010]; *Matter of Teller v Tubbs*, 34 AD3d 593, 594 [2006]). The father's remaining arguments, to the extent not addressed herein, have been examined and found to be lacking in merit.

Garry, Lynch, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.