■ In the Matter of Doris F., Respondent, v Ari T., Appellant. In the Matter of Ari T., Appellant, v Doris F., Respondent. [57 NYS3d 36]—

Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about November 17, 2015, which, upon a fact-finding determination that respondent Ari T. committed harassment in the second degree, issued a two-year order of protection against him in favor of petitioner Doris F., unanimously reversed, on the law and the facts, without costs, the order of protection vacated, and the petition dismissed. Order, same court and Judge, entered on or about November 17, 2015, upon a fact-finding determination that respondent Doris F. did not commit a family offense, dismissed Ari T.'s petition, unanimously affirmed, without costs.

A fair preponderance of the evidence does not support a finding of harassment in the second degree against Ari (*see* Family Ct Act § 832). Doris's petition was based solely on one letter Ari sent to Doris on or about November 17, 2014, a month after a previous order of protection against Ari and in favor of Doris had expired. This letter sought to apologize for Ari's behavior during and after the parties' relationship, which he attributed to his health and medical problems. Included with the letter was a recent article from the New York Post about Ari's lawsuit against a physician for misdiagnosis and treatment of Ari's condition that left him, in Ari's words, a "drugged-out mess." Although Family Court inferred that Ari intended to harass, annoy or alarm Doris by sending the letter, such finding does not have a sound and substantial basis in the record (*see Matter of Melind M. v Joseph P.*, 95 AD3d 553, 555 [1st Dept 2012]). While Ari testified at the fact-finding hearing that

he suspected Doris was conspiring with others to stalk and defame him, the letter itself made no mention of these allegations, contained no threats, and was written in an objectively apologetic and loving tone. Moreover, the fact that Ari sent the letter days after the New York Post article came out further supports a finding that he did not intend to harass, annoy, or alarm Doris (*see* Penal Law § 240.26). While it is understandable that Doris may have been scared by Ari's renewed contact via the letter, "her reaction is immaterial in establishing [Ari]'s intent" (*Matter of Shephard v Ray*, 137 AD3d 1715, 1716 [4th Dept 2016] [internal quotation marks omitted]).

A fair preponderance of the evidence also failed to establish that Doris had committed the family offense of harassment in the second degree. Ari's petition alleged, among other things, that Doris chased after and grabbed Ari, and also repeatedly jumped on Ari's back while he was lying face down in the bed, making it difficult to breathe. At the fact-finding hearing, Doris testified that in March 2012 she chased after Ari and attempted to restrain him because she believed he was suicidal. By Ari's own account, Doris jumped on his back in a playful manner because she wanted him to show her a press release for a conference they were organizing together. Neither of these actions support a finding that Doris committed the family offense of harassment in the second degree, as the evidence does not support an inference that Doris intended to harass, annoy, or alarm Ari (*see* Penal Law § 240.26; *see also People v Bartkow*, 96 NY2d 770, 772 [2001]). Concur—Acosta, P.J., Richter, Feinman, Webber and Kahn, JJ.