Matter of Mosher v Woodcock (2018 NY Slip Op 02380)





Matter of Mosher v Woodcock


2018 NY Slip Op 02380


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

524693

[*1]In the Matter of LISA D. MOSHER, Petitioner,
v
JODY L. WOODCOCK, Appellant.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeals (1) from an order of the Family Court of Warren County (Kershko, J.), entered March 1, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (2) from an amended order of said court, entered March 27, 2017, which committed respondent to jail for that willful violation.
A 2014 Family Court order required respondent (hereinafter the father) to pay petitioner (hereinafter the mother) $277 per week in child support. The mother filed a petition alleging that the father failed to comply with the order. After a hearing, the Support Magistrate found that the father failed to obey the order and that his failure was willful. In accordance with the willfulness finding, the Support Magistrate recommended that the father be incarcerated for four days, but that the sentence be
suspended as long as he complies with the order of support. After the matter proceeded to Family Court for confirmation of the willful violation finding, the court issued an order confirming the willful violation and imposing a punishment of four days in jail unless the father paid $20,000 by the end of the month. The court later issued an amended order of commitment ordering that the father be committed to jail for four days or until he pays $20,000, "whichever is earliest." The father appeals.[FN1]
According to statute, parents are presumed to have the means to support their children who are under the age of 21 (see Family Ct Act § 437; Matter of Powers v Powers, 86 NY2d 63, [*2]68-69 [1995]), and the "failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]; see Matter of Lewis v Cross, 72 AD3d 1228, 1229 [2010]). "Thus, proof that [a] respondent has failed to pay support as ordered alone establishes [the] petitioner's direct case of willful violation" and shifts the burden to the respondent to rebut the prima facie case by presenting "competent, credible evidence of his [or her] inability to make the required payments" (Matter of Powers v Powers, 86 NY2d at 69-70). However, "[i]n the absence of proof of an ability to pay, an order of commitment for willful violation of a support order may not stand" (Matter of Grasso v La Rocca, 54 AD3d 760, 760 [2d Dept 2008]; see Family Ct Act § 455 [5]), because if a person does not have the ability to pay, then his or her failure to pay cannot, by definition, be willful.
A prima facie violation was established through testimony from both parties that the father failed to make support payments required by the 2014 order and that he owed the mother over $21,000 in child support (see Family Ct Act § 454 [3] [a]; Matter of Dench-Layton v Dench-Layton, 151 AD3d 1199, 1201 [2017]). Therefore, the only issue is whether the father successfully met his burden of rebutting the prima facie evidence that the violation was willful (see Matter of Powers v Powers, 86 NY2d at 69-70).
The father testified that he suffered two strokes and submitted some medical evidence supporting his assertion. He testified that he was later fired from his last employment due to his memory loss and a medical restriction on lifting, both of which interfered with his work. The father further testified that he was unable to work based on his total disability and that he received food stamps and government assistance to pay for his heat and obtained other necessary items from local pantries.
At the time of the hearing, the father had applied for Social Security disability benefits, although such an application would not preclude a court from finding that he was capable of working (see Matter of Dench-Layton v Dench-Layton, 151 AD3d at 1202). On the other hand, a few days before the parties' appearance in Family Court for confirmation of the willfulness finding, the father was approved for disability benefits, though he had not been advised of the amount that he would receive. We conclude that Family Court did not adequately explore the new information regarding the Social Security Administration's approval of the father's application for disability benefits and its relationship to his ability to work. Indeed, the court did not in any way address the father's ability to work and seemed entirely focused on his failure to pay, without adequately addressing his ability to do so. Accordingly, we remit for further proceedings to address the father's ability to comply with the support order. Based on our reversal, the father's remaining contention is academic.
Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order and the amended order are reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: This Court granted a stay of the father's jail sentence pending this appeal.