Matter of Martin v Claesgens (2018 NY Slip Op 07003)





Matter of Martin v Claesgens


2018 NY Slip Op 07003


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

524698

[*1]In the Matter of DIANE M. MARTIN, Respondent,
v
SEAN R. CLAESGENS, Appellant.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Devine, Clark and Rumsey, JJ.


Adam W. Toraya, Albany. for appellant.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Family Court of Albany County (Maney, J.), entered January 12, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Pursuant to a Family Court order issued in 2012, respondent (hereinafter the father) was obliged to pay petitioner (hereinafter the mother) $400 a week in child support. The mother filed a petition in 2014 that alleged violations of the 2012 order, the end result of which was a 2015 consent order. The 2015 order, among other things, confirmed that the father had willfully violated the terms of the 2012 order by failing to make support payments, continued his weekly support obligation and directed him to take specified steps to satisfy arrears.
The father filed a modification petition in 2016 that sought a downward modification of his support obligation — which was dismissed in an order that is not the subject of this appeal — and the mother cross-petitioned for an order holding the father in willful violation of the 2012 and 2015 orders. Following a hearing, the Support Magistrate found that the father had willfully failed to pay support as directed and recommended that he be committed to jail for 180 days. Family Court confirmed the finding of willfulness and committed the father to jail for the recommended period unless he paid the full $56,675.82 in arrears. The father appeals, and we now affirm.
The father does not dispute that the mother presented prima facie evidence of a willful violation by establishing his "failure to pay support as ordered" (Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; see Matter of Mosher v Woodcock, 160 AD3d 1085, 1086 [2018]; Matter of Dench-Layton v Dench-Layton, 151 AD3d 1199, 1201 [2017]). The burden therefore shifted to him "to establish, by competent proof, an inability to pay" (Matter of Dench-Layton v Dench-Layton, 151 AD3d at 1201; see Matter of Mosher v Woodcock, 160 AD3d at 1086). The father testified that, while he previously earned a healthy income, financial reversals in 2013 caused him to "los[e] everything" and left him and two of his other children living with his father in Florida. His efforts to recover from those alleged reversals, however, amounted to self-employment as a consultant, a fitness and wellness coach and a producer of live-streamed [*2]content, resulting in variable income that did not cover his expenses. The father testified that these endeavors consumed 60 to 70 hours every week, and yet he earned only $1,200 a month at the time of the hearing. He further claimed that he was looking for a stable job but could not find one, an assertion that was unsubstantiated and deserved to be treated with skepticism given his acknowledged experience in the automotive sales industry and his ongoing consulting relationships with automotive dealerships near his residence. The Support Magistrate found that the father's testimony was "simply not credible" and, according deference to a credibility assessment that Family Court did not disturb, we agree that the father's proof was "clearly inadequate to meet his burden" of showing an inability to pay that would defeat the prima facie case of willful violation (Matter of Heyn v Burr, 6 AD3d 781, 782-783 [2004]; see Matter of Dench-Layton v Dench-Layton, 151 AD3d at 1202-1203; Matter of Freedman v Horike, 68 AD3d 1205, 1206-1207 [2009], lv dismissed & denied 14 NY3d 811 [2010]).
Finally, following the proceedings before the Support Magistrate, Family Court unsuccessfully urged the father to take steps such as finding a job, borrowing money or applying for government benefits that would allow him to begin satisfying his obligations. Family Court eventually confirmed the finding of a willful violation but, even then, made clear that it would be willing to revisit the matter if the father made some payments toward his obligations. Under these circumstances, and noting the father's history of violations, we perceive no abuse of discretion in either the period of commitment imposed or the purge amount required to avoid it (see Family Ct Act § 454 [3] [a]; Matter of Columbia County Support Collection Unit v Risley, 122 AD3d 1097, 1098 [2014], affd 27 NY3d 758 [2016]; Matter of Bucek v Rogers, 301 AD2d 973, 974-975 [2003]).
Egan Jr., J.P., Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.