Matter of Gonzalez v Bebee (2019 NY Slip Op 08027)





Matter of Gonzalez v Bebee


2019 NY Slip Op 08027


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


914 CAF 18-01461

[*1]IN THE MATTER OF ANN GONZALEZ, PETITIONER-RESPONDENT,
v
BRENDEN BEBEE, RESPONDENT-APPELLANT. 






ROBERT A. DINIERI, CLYDE, FOR RESPONDENT-APPELLANT. 


 Appeal from an order of the Family Court, Wayne County (Richard M. Healy, J.), entered June 6, 2018 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, sentenced respondent to jail for contempt of court. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Wayne County, for further proceedings in accordance with the following memorandum: Respondent father appeals from an order that, in effect, confirmed the determination of the Support Magistrate, upon the father's purported default, that he willfully violated a prior child support order and directed that he be incarcerated.
Initially, we agree with the father that, although he has presumably completed serving his term of incarceration, his appeal is not moot "because of the enduring consequences [that] potentially flow from an order adjudicating a party in civil contempt' " (Matter of Jordan v Reed, 175 AD3d 1006, 1007 [4th Dept 2019]).
We further agree with the father that the Support Magistrate erred in allowing the father's attorney to withdraw as counsel and in proceeding with the hearing in the father's absence. "An attorney may withdraw as counsel of record only upon a showing of good and sufficient cause and upon reasonable notice to the client . . . [, and a] purported withdrawal without proof that reasonable notice was given is ineffective" (Matter of Williams v Lewis, 258 AD2d 974, 974 [4th Dept 1999]; see CPLR 321 [b] [2]; Matter of La'Derrick W., 63 AD3d 1538, 1539 [4th Dept 2009]). Here, the father's attorney did not make a written motion to withdraw; rather, counsel merely agreed when the Support Magistrate, after noting the father's failure to appear for the hearing, offered to relieve her of the assignment. The absence of evidence that the father was provided notice of his counsel's decision to withdraw in accordance with CPLR 321 (b) (2) renders the Support Magistrate's finding of default improper (see La'Derrick W., 63 AD3d at 1539), and Family Court thus erred in confirming those findings (see Matter of Manning v Sobotka, 107 AD3d 1638, 1638-1639 [4th Dept 2013]). We therefore reverse the order and remit the matter to Family Court for the assignment of new counsel and a new hearing on the violation petition of petitioner mother.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court