Matter of Geremski v Berardi (2023 NY Slip Op 04883)

Matter of Geremski v Berardi

2023 NY Slip Op 04883

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, OGDEN, AND NOWAK, JJ.

714 CAF 22-01336

[*1]IN THE MATTER OF MICHAEL J. GEREMSKI, JR., PETITIONER-RESPONDENT,
v
STACY J. BERARDI, RESPONDENT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR RESPONDENT-APPELLANT.

 Appeal from an order of the Family Court, Onondaga County (Karen Stanislaus, R.), entered August 5, 2022, in a proceeding pursuant to Family Court Act article 8. The order granted petitioner an order of protection against respondent. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Respondent appeals from an order of protection issued in a proceeding pursuant to Family Court Act article 8 upon a finding that she committed acts constituting the family offense of harassment in the second degree against petitioner (see Penal Law § 240.26 [3]; see also Family Ct Act § 812 [1]). Initially, we note that, while the order on appeal has expired, the appeal is not moot "because the order still imposes significant enduring consequences upon respondent, who may receive relief from those consequences upon a favorable appellate decision" (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; see Matter of Shephard v Ray, 137 AD3d 1715, 1716 [4th Dept 2016]).
With respect to the merits, we agree with respondent that the evidence is not legally sufficient to establish that she committed the family offense in question. "A petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense" (Matter of Harvey v Harvey, 214 AD3d 1462, 1462 [4th Dept 2023] [internal quotation marks omitted]). To establish that respondent committed acts constituting harassment in the second degree, petitioner was required to establish that respondent engaged in conduct that was intended to harass, annoy or alarm petitioner, that petitioner was alarmed or seriously annoyed by the conduct, and that the conduct served no legitimate purpose (see Penal Law § 240.26 [3]). Here, the evidence presented by petitioner at the hearing consisted primarily of petitioner's testimony that respondent posted "negative posts and stuff" on social media about him including, in particular, two posts on Facebook about an unnamed "ex" that he believed referred to him, after which respondent blocked him from viewing her posts. We conclude under the circumstances of this case that the evidence presented by petitioner failed to establish by a preponderance of the evidence that respondent engaged in acts constituting harassment in the second degree (see Matter of Marquardt v Marquardt, 97 AD3d 1112, 1113-1114 [4th Dept 2012]).
In light of our determination, we do not consider respondent's remaining contention.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court