Matter of Reader v Reader (2025 NY Slip Op 07127)

Matter of Reader v Reader

2025 NY Slip Op 07127

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND HANNAH, JJ.

695 CAF 23-01326

[*1]IN THE MATTER OF HEATHER L. READER, PETITIONER-RESPONDENT,
vJEFFREY S. READER, RESPONDENT-APPELLANT. 

CHRISTOPHER K. RODEMAN, ROCHESTER, FOR RESPONDENT-APPELLANT. 
TREVETT CRISTO P.C., ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR PETITIONER-RESPONDENT. 
ALISON BATES, VICTOR, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Livingston County (Kevin Van Allen, J.), dated May 24, 2023, in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to pay attorneys' fees incurred by petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petitions are dismissed.
Memorandum: In this family offense proceeding pursuant to Family Court Act article 8, respondent appeals from an order that, inter alia, determined that he committed the family offense of harassment in the second degree against petitioner based on his public posts on Facebook and violated a temporary order of protection. The order also directed respondent to pay attorneys' fees incurred by petitioner.
We agree with respondent that petitioner did not establish that he committed the family offense in question. "A petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense" (Matter of Harvey v Harvey, 214 AD3d 1462, 1462 [4th Dept 2023] [internal quotation marks omitted]). As relevant here, a "person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [they] engage[ ] in a course of conduct or repeatedly commit[ ] acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]). We conclude under the circumstances of this case that the evidence presented by petitioner failed to establish by a preponderance of the evidence that respondent engaged in acts constituting harassment in the second degree (see Matter of Geremski v Berardi, 219 AD3d 1713, 1714 [4th Dept 2023]; Matter of Marquardt v Marquardt, 97 AD3d 1112, 1113-1114 [4th Dept 2012]; cf. Matter of Martin v Flynn, 133 AD3d 1369, 1370 [4th Dept 2015]). Given our determination, we further conclude that respondent did not violate the temporary order of protection and that petitioner is not entitled to an award of attorneys' fees (see Family Ct Act § 842 [f]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court