Matter of Galitsky v Galitsky (2026 NY Slip Op 01681)

Matter of Galitsky v Galitsky

2026 NY Slip Op 01681

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

207 CAF 25-00716

[*1]IN THE MATTER OF DMITRI GALITSKY, PETITIONER-RESPONDENT,
vSVIATLANA GALITSKY, RESPONDENT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SABRINA A. BREMER OF COUNSEL), FOR RESPONDENT-APPELLANT.
DMITRI GALITSKY, PETITIONER-RESPONDENT PRO SE. 

 Appeal from an order of the Family Court, Monroe County (Darius K. Lind, R.), entered March 13, 2025, in a proceeding pursuant to Family Court Act article 8. The order granted petitioner an order of protection. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Respondent appeals from an order of protection issued in a proceeding pursuant to Family Court Act article 8 upon a finding that she committed acts constituting the family offense of harassment in the second degree against petitioner (see Penal Law § 240.26 [3]; see also Family Ct Act § 812 [1]). Initially, we agree with respondent that, while the order on appeal has expired, the appeal is not moot "because the order still imposes significant enduring consequences upon respondent, who may receive relief from those consequences upon a favorable appellate decision" (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; see Matter of Geremski v Berardi, 219 AD3d 1713, 1714 [4th Dept 2023]; Matter of Shephard v Ray, 137 AD3d 1715, 1716 [4th Dept 2016]).
With respect to the merits, we agree with respondent that the evidence is not legally sufficient to establish that she committed the family offense in question. "A petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense" (Matter of Harvey v Harvey, 214 AD3d 1462, 1462 [4th Dept 2023] [internal quotation marks omitted]). As relevant here, a "person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [they] engage[ ] in a course of conduct or repeatedly commit[ ] acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]). We conclude under the circumstances of this case that the evidence presented by petitioner failed to establish by a preponderance of the evidence that respondent engaged in acts constituting harassment in the second degree (see Matter of Reader v Reader, 244 AD3d 1729, 1730 [4th Dept 2025]; Geremski, 219 AD3d at 1714; Shephard, 137 AD3d at 1716).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court